THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JACOB MOLINAS, Appellant.

First Department, June 16, 1964.

*O. John Rogge* of counsel (*William Sonenshine* with him on the brief; *Evseroff, Newman & Sonenshine,* attorneys), for appellant.

*Alan Frederick Leibowitz* of counsel (*H. Richard Uviller* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

*Per Curiam.* Judgment of conviction unanimously affirmed. Defendant was convicted of the crimes of conspiracy (Penal Law, § 580) three counts of bribery (Penal Law, § 382) and an attempt to commit the crime of subornation of perjury in the first degree (Penal Law, § 1632). On two of the bribery counts, defendant was sentenced to 5 to 7½ years in prison, the sentences to run consecutively. On the third bribery count, a 5 to 7½-year sentence was imposed to run concurrently with one of the other bribery counts. A concurrent sentence of 1 year and 3 months to 2 years and 6 months was imposed on the count for the attempt to suborn perjury, and defendant received a 1-year suspended sentence on the conspiracy counts. The sum of the terms imposed thus aggregates 10 to 15 years.

The record amply supports the defendant's conviction. That record demonstrates appellant's widespread activities in conspiracies to bribe, and the actual bribery of, members of college basketball teams to influence the outcome of games in which they participated. In furtherance of the conspiracies, a player was paid either deliberately to cause his team to lose a game or to keep the winning margin of his team within a given number of points to permit persons — aware of the nefarious arrangement and betting on the outcome of the contest — to win on their wagers. The conviction on the charge of attempted subornation of perjury resulted from appellant's attempt, in the course of the investigation by the District Attorney's office, to induce one of the witnesses to testify falsely before the New York County Grand Jury.

The intensive investigation which preceded the trial and conviction revealed the corrupting influence of the appellant's multiple conspiracies reached many student players in colleges and universities throughout the country. It was also shown that appellant was the prime planner and guiding force of this widespread criminal operation which corrupted the players who participated and discredited the institutions of learning which they attended. Ten accomplices were brought to justice in the Supreme Court, New York County, while others were convicted in different States.

Appellant's assignments of error have been examined and found without merit. We shall allude only to the one claiming that an adjournment during the course of the trial for a period

of five weeks due to the sudden illness of the Trial Judge was prejudicial error resulting in a termination of the prosecution on the ground of double jeopardy. There was no showing of prejudice resulting from the adjournment. Before any testimony was taken, the jury was instructed at length as to their conduct in court during trial and during recesses, and appellant has not demonstrated that those instructions were not followed. The jury was admonished by the Trial Judge in accordance with section 415 of the Code of Criminal Procedure, when the court recessed on Friday, November 30, 1962. Over the week end, the Judge was stricken and his illness prevented resumption of the trial until January 2, 1963. In the absence of proof to the contrary, the jurors are presumed to have obeyed the admonition and instructions of the court. The mere lapse of time, without any evidence of any resulting prejudice, under the circumstances of this case, did not give appellant the right to a mistrial as a matter of law, and it was no improvident exercise of discretion to deny the motion for a mistrial.

Appellant also urges that the sentence was excessive. While ample justification exists for the imposition of a substantial sentence in this case, and the sentence imposed was within the legal limits of the law, this court nevertheless is of the opinion that the sentence herein was unnecessarily excessive. Neither the detestible nature of the crimes of which defendant stands convicted, nor the widespread community revulsion they aroused, must divert the courts from the essential purpose of sentencing.

This court in *People* v. *Silver* (10 A D 2d 274, 276) expressed the view that the aim of a proper sentence was "not only to encompass the community's condemnation of the defendant's misconduct, but must also evaluate the possibilities of the rehabilitation of the defendant as a useful and responsible member of the community". Punishment less severe in the instant case would have been effective as a deterrent as well as a demonstration to defendant of the destructive folly of his criminal conduct.

This court has the power under section 543 of the Code of Criminal Procedure to reduce the sentence imposed to a sentence not lighter than the minimum penalty provided by law for the offenses of which the defendant has been convicted. (See *People* v. *Speiser,* 277 N. Y. 342.) This jurisdiction to extend mercy to a defendant will not, however, be exercised in the instant case. It may be assumed that, were it not for other related matters, this court would be inclined to modify the sentence herein. But, we are compelled to consider that defend-

ant's accomplices — who had pleaded guilty to bribery and might therefore be eligible for more lenient treatment — would, were we to modify defendant's sentence, find themselves saddled with disproportionately heavy sentences.*

The judgments of sentence of the co-conspirators are not before this court and, therefore, we cannot review or reduce them so as to arrive at proper proportionate sentences for the accomplices, were we to reduce appellant's sentence. Under the circumstances, a proper exercise of discretion requires that we do not, on this appeal, disturb the sentences imposed on appellant. Nevertheless, appellant and his co-conspirators are not without remedy. They may, if so advised, resort to executive clemency. Moreover, defendant while serving the first of the consecutive sentences may apply to the sentencing court to suspend execution of the second of the consecutive sentences although that court no longer has the power to make the second of such sentences concurrent with the first. (See *People* v. *Thuna*, 266 App. Div. 223.)

BREITEL, J. P., RABIN, VALENTE, McNALLY and STEVENS, JJ., concur.

Judgment of conviction unanimously affirmed.

---

* Joseph Hacken pleaded guilty to two counts of bribery. He was sentenced to 3 years and 9 months to 4 years on each count, the sentences to run consecutively, or an aggregate term of 7½ to 8 years in prison.

Joseph Green pleaded guilty to two counts of bribery and was given two consecutive 3 to 3½ years sentences, or an aggregate of 6 to 7 years in jail.

Aaron Wagman pleaded guilty to 38 counts of bribery, but because of co-operation with the authorities, he was sentenced, on only one count, to 3 to 5 years in prison. That sentence was suspended because Wagman had already been in jail in New York for two years, and was serving a sentence in Florida of 5 years in prison, as well as the imposition of a $10,000 fine.