■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMMY V. HAIRE, Appellant. — Appeal from a judgment of the Supreme Court at Trial Term (Smyk, J.), rendered November 19, 1981 in Chemung County, upon a verdict

convicting defendant of the crimes of attempted murder in the second degree and assault in the first degree. During the early morning hours of July 25, 1981, outside the Inside New York Bar in Elmira Heights, Carl Keegan suffered severe knife wounds. Defendant and a codefendant, Willie Cummings, were indicted for assault in the first degree and attempted murder in the second degree in connection with the attack on Keegan. After a consolidated trial, the two men were found guilty as charged and defendant was sentenced to 7½ to 15 years for the assault conviction and 10½ to 21 years' imprisonment for the attempted murder conviction, the sentences to run concurrently. Defendant appeals from his conviction, raising several grounds of error. Defendant first claims that he was denied effective assistance of counsel. The failure of defendant's attorney to object to a pretrial identification of defendant and to pursue and object to certain cross-examination relating to the pretrial identification does not constitute ineffective assistance of counsel since identification was not a critical issue in this case. Several witnesses had identified defendant, who, in fact, admitted in his written statement that he was present at the Inside New York Bar during the early morning hours of July 25, 1981 and was involved in an altercation in the parking lot, although he denied involvement in and the occurrence of any stabbing. Moreover, identification concerning which of the codefendants actually stabbed Keegan was not important because substantial circumstantial evidence supports the conclusion that they were aiding one another with the requisite mental culpability for the crimes charged and, thus, were criminally liable for such crimes committed by the other (Penal Law, § 20.00). Likewise, the remainder of cross-examination conducted by defendant's attorney did not deprive defendant of effective assistance of counsel because it demonstrated familiarity with the facts of the case (see *People v Droz,* 39 NY2d 457, 462) and, by focusing on the fact that several of the witnesses never saw the codefendants with knives, defense counsel was emphasizing the only avenue available to assist defendant, who had admitted being present at and involved in an altercation, without reinforcing in the minds of the jury the witnesses' testimony (see *People v Aiken,* 45 NY2d 394, 400). Also, the summation of defendant's attorney, though short, did not deprive defendant of effective assistance of counsel because it expounded on and brought together the responses to cross-examination to the effect that no direct evidence existed showing that either codefendant stabbed the victim and that few of the witnesses actually saw the codefendants with knives. Thus, viewing this case in totality as of the time of the representation, defendant's trial counsel presented meaningful representation (see *People v Baldi,* 54 NY2d 137, 147). Defendant next argues that there was insufficient evidence to establish his guilt. Although there was no direct testimony that either codefendant stabbed Keegan, witnesses saw Keegan and codefendant Cummings arguing, saw defendant running from the bar to join Cummings, and saw the codefendants pursuing Keegan, brandishing knives, and using the knives and their fists to chase away certain observers of the altercation. Keegan testified that he could not identify his assailants, but that the taller one (identified by others as defendant) hit him on the head with a blunt object, causing an injury requiring stitches, and that the shorter one (identified by others as Cummings) lunged at him and that, immediately thereafter, he felt extreme pain, which was diagnosed as being caused by a knife wound which, without immediate attention, could have caused his death. The seriousness of Keegan's wounds, the events leading to the stabbing and the possession of knives by the codefendants, demonstrate such overt behavior that a jury could conclude beyond a reasonable doubt that, at a minimum, defendant intentionally aided Cummings with the intent required for assault in the first degree and attempted murder in the second degree in committing such crimes and

was thus criminally liable for the same (see Penal Law, § 20.00). Defendant's remaining contentions do not warrant extended discussion. Defendant challenges the jury charge as deficient but, in the absence of an exception to the charge, defendant waived his objections (see CPL 470.05, subd 2). Moreover, there was no error or defect depriving defendant of a fair trial which would require us to invoke our right to reverse as a matter of discretion in the interest of justice (CPL 470.15, subd 6, par [a]; see *People v Roberts,* 91 AD2d 1099). Defendant's contention that the sentence imposed was harsh and excessive is without merit for there was no abuse of discretion in imposing sentence and, therefore, the sentence should stand (see *People v Williams,* 93 AD2d 948, 949). Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.