■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH DeCHAMPS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered September 15, 1986, convicting him of sexual abuse in the first degree, assault in the second degree, assault in the

third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant walked into a dentist's office, where the victim was working alone, and attacked her. He was arrested at the scene. He claims error in the court's denial of his application for a mistrial after the prosecutor asked the arresting officer whether or not the defendant had said that he needed dental or medical assistance. The trial court immediately sustained an objection and, after a sidebar, gave a curative instruction.

It is well settled that a motion for a mistrial must be granted only when an error or legal defect is shown to be "prejudicial to the defendant and deprives him of a fair trial" (CPL 280.10 [1]). Under the circumstances the court's denial of the defendant's mistrial motion was not an abuse of discretion *(see, People v Von Werne,* 41 NY2d 584, 587). Indeed, the trial court properly chose to immediately sustain the defendant's objection and then gave a simple and direct curative instruction. This action was proper *(see, People v Arce,* 42 NY2d 179, 187).

We have examined the defendant's other claim of error and find it to be unpreserved for appellate review and, in any event, without merit *(see, People v Chaitin,* 61 NY2d 683, 684). Thompson, J. P., Spatt, Sullivan and Harwood, JJ., concur.