■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN IRBY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered June 14, 1984, convicting him of attempted murder in the second degree and attempted robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly exercised its discretion in granting the People's motion to consolidate the defendant's case with that of his codefendant (see, CPL 200.40 [2]; *People v Fisher,* 121 AD2d 655). No substantial difference in the quantity and quality of the evidence the prosecution presented with respect to the defendant and the codefendant existed which would warrant a severance in order to preserve the defendant's right to a fair trial (see, *People v Moss,* 149 AD2d 740; *People v Larkin,* 135 AD2d 834; cf., *People v Mahboubian,* 74 NY2d 174, 182-188).

The defendant next contends that the trial court erred by permitting the prosecutor to elicit testimony from the codefendant regarding his out-of-court photographic identification of the defendant. We agree that it was error to permit testimony as to an extrajudicial identification of the defendant's photograph since such testimony constituted improper bolstering (see, e.g., *People v Lindsay,* 42 NY2d 9, 12; *People v Griffin,* 29 NY2d 91; *People v Caserta,* 19 NY2d 18). However, under the circumstances of this case the admission of the evidence was harmless error since the other proof of identification and of

guilt is clear and strong *(see, People v Johnson,* 32 NY2d 814; *cf., People v Osgood,* 89 AD2d 76, 83). Here, the victim, a police officer who is a trained observer, had ample opportunity to view the defendant during the commission of the crimes and readily made a positive identification of the defendant at a lineup and at trial. The officer fired three shots at the defendant and one shot at the codefendant. Shortly thereafter, and within a few blocks of the crime scene, a cabdriver picked up the defendant, who was dressed only in blood-stained boxer shorts and a red tank top. The defendant claimed that he had been shot during the course of a robbery. The cabdriver transported the defendant to the hospital, where he was interviewed by a police officer. The defendant provided the officer with a false name and address and claimed to have been robbed by unknown persons at a location remote from the site where he had hailed the cab. In light of his substantial injuries, the defendant's account lacks credibility.

The defendant also argues that this court's reversal of the codefendant's conviction on the ground that the codefendant's confession was "inadmissable as the fruit of an unlawful arrest made without probable cause" *(People v Murray,* 131 AD2d 885) requires that he be granted a new trial. The defendant lacks standing to raise an issue as to the codefendant's Fourth Amendment rights, and, therefore, may not challenge the use of those statements at his trial even though they were held to have been unconstitutionally obtained *(see, People v Henley,* 53 NY2d 403; *People v Williams,* 115 AD2d 627). Thompson, J. P., Bracken, Lawrence and Kunzeman, JJ., concur.