■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIMMY COOPER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Zweibel, J.), rendered October 3, 1988, convicting him of attempted rape in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

Contrary to the defendant's contention, we do not find that the court's refusal to grant his motion for a mistrial was a prejudicial error. The record reveals that during the course of trial, defense counsel fell ill for approximately six weeks before the trial could be resumed. Prior to counsel's illness, the court had given the jury the standard admonitions, *inter alia,* not to form an opinion of the case nor to discuss it. When it became clear that counsel's absence would cause a lengthy delay, the court again expressly instructed the jury not to discuss the case in the interim.

Approximately six weeks later defense counsel returned to court requesting a mistrial in light of the lengthy delay. Counsel expressed a fear that the jurors might not recall the testimony that had gone before. The court offered to call each juror individually to inquire of them whether their recollections had faded, but defense counsel declined the offer. The court thus denied the mistrial motion but gave the defense a two-day adjournment to review the record and to locate witnesses.

The court's refusal to declare a mistrial, either *sua sponte* or pursuant to the defendant's motion, was not error. It is well settled that the decision to declare a mistrial rests within the sound discretion of the trial court which is in the best position to determine if this drastic remedy *(see, e.g., People v Rice,* 75 NY2d 929, 933; *People v Martin,* 131 AD2d 884, 885) is truly necessary to protect the defendant's right to a fair trial *(see, People v Michael,* 48 NY2d 1, 9; *see also, Hall v Potoker,* 49 NY2d 501, 505). Indeed, it is axiomatic that a mistrial should be granted only when an error is shown to be prejudicial to the defendant and it deprives him of a fair trial *(see,* CPL 280.10; *People v DeChamps,* 141 AD2d 831).

Application of the foregoing principles to the facts of the instant case reveals that the court correctly declined to declare a mistrial as the defendant had not established that he was prejudiced in the least by the delay which was caused by the illness of his attorney. The primary contention raised by counsel at trial was that the jurors might not recall the testimony elicited prior to the interruption of the trial. The court, however, correctly offered to interview each of the jurors on this subject *(see, People v Edwards,* 64 AD2d 201), yet the defendant declined this potentially remedial measure. Moreover, the court correctly observed that this was not a terribly complicated case and in any event, the interruption followed the presentation of virtually the People's entire case so that the defense case was freshest in the juror's minds.

Clearly, in the absence of any showing that the defendant was prejudiced by the delay, the court did not improvidently exercise its discretion by declining to declare a mistrial *(see, People v Molinas,* 21 AD2d 384, *cert denied* 380 US 907).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Kunzeman and Miller, JJ., concur.