■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC STEVENS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered January 2, 1991, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for murder in the second degree and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the count of murder in the second degree.

At about 7:30 P.M. on June 27, 1988, an eyewitness observed the defendant, whom she had known from her neighborhood for at least a year, pursue another man onto the street where she was standing. The two men were firing shots at each other as they ran. Finally, as the other man ran across the street, the defendant aimed and fired, shooting him in the back and killing him. At the time he fired the fatal shot, the defendant was some distance away from the deceased.

On appeal, the defendant claims, *inter alia,* that the court erred when it denied his request to charge manslaughter in the first degree as a lesser included offense of murder in the second degree on these facts. We agree.

It is well established that, upon request, the court must submit to the jury a lesser included offense when, as here, the defendant shows (1) that it is theoretically impossible to commit the greater crime without, concomitantly, by the same conduct, committing the lesser offense, and (2) that there is a reasonable view of the evidence in the particular case which would support a finding that the defendant committed the lesser offense but not the greater *(see,* CPL 1.20 [37]; 300.50 [1]; *People v Ford,* 62 NY2d 275, 281; *People v Glover,* 57 NY2d 61, 63; *People v Scarborough,* 49 NY2d 364, 369-370; *People v Robinson,* 166 AD2d 543). To warrant the refusal to submit a lesser included offense to the jury, "every possible hypothesis" but guilt of the higher crime must be excluded *(see, People v Alamo,* 128 AD2d 441, 442, citing *People v Shuman,* 37 NY2d 302, 304; *see also, People v Hanley,* 87 AD2d 850, 851), and the evidence must be considered in the light most favorable to the defendant *(see, People v Martin,* 59 NY2d 704, 705; *People v Battle,* 22 NY2d 323).

Moreover, where the specific issue presented is whether a defendant charged with murder intended to kill the deceased

or merely to injure him, it is well settled that the question of intent is for the jury except in the most unusual and exceptional circumstances (see, People v James, 127 AD2d 485, 488; People v Moran, 246 NY 100). This is not one of those unusual or exceptional cases where the question of intent should have been removed from the jury. The record contains ample evidence that the defendant may have intended only to seriously injure, rather than kill, the victim. Among other things, the victim was killed by a single gunshot fired from a distance. Although the defendant took aim at one point, he was aiming at a moving target and thus had minimal control over where the bullet entered the victim's body. In addition, there is no evidence in the record that the defendant was experienced with firearms or that he was even a good marksman.

Accordingly, we find that under all of the circumstances, that there is a reasonable view of the evidence that the defendant committed the lesser offense of manslaughter in the first degree rather than the greater one of murder in the second degree, and the court erred in not charging the jury accordingly.

We have examined the defendant's remaining contentions and find them lacking in merit. Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.