■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG CARTER, Appellant. [600 NYS2d 487] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Rohl, J.), rendered February 19, 1991, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the evening of September 8, 1990, two undercover police officers were sitting in an unmarked police vehicle in an area of Wyandanch known to be the site of sales of controlled substances. The officers were conducting a "buy and bust" operation. The defendant approached the officers, asked them if they were "looking" for drugs, further conversed with them, then went down the block to an unidentified individual. Shortly thereafter, the defendant returned to the vehicle with two bags of crack cocaine and sold them to one of the officers for $40. The incident lasted no more than five minutes. Immediately after the sale, the other officer radioed the backup team with a detailed description of the defendant's physical features and clothing. Several minutes later, one of the backup officers drove down the block where the sale had occurred, observed the defendant standing against a tree, noticed that he matched the description provided in the radio transmission, and arrested him in connection with the sale. Within 25 minutes of the sale, the officer who had consummated the sale went to the police station and identified the defendant as the perpetrator.

Contrary to the defendant's contention, the trial court did not improvidently exercise its discretion in refusing to grant his mistrial motion on the ground that certain testimony elicited from the arresting officer, to the effect that he had been acquainted with the defendant from prior "dealings" with him, unduly prejudiced him *(see,* CPL 280.10 [1]; *People v Cooper,* 173 AD2d 551; *People v DeChamps,* 141 AD2d 831, 832). The admission of the officer's testimony was improper, inasmuch as it permitted the jury to infer the defendant's

guilt for the crime charged on the basis of his prior involvement with the police (see, *People v Molineux,* 168 NY 264). However, we find that the error was harmless given the overwhelming identification evidence provided by the officers, which left no significant probability that the jury would have acquitted the defendant had it not been for this testimony (see, *People v Crimmins,* 36 NY2d 230, 242).

The defendant raises a similar contention with respect to certain testimony elicited by the prosecution from his father on cross-examination. The defendant's father was a police officer who, though acquainted with the officer who had consummated the purchase at issue, had been called as a defense witness in order to substantiate the defense of mistaken identity. This defense was based primarily on the absence from the radio transmission of any mention of the fact that the defendant was missing a front tooth and had a scar on his forehead at the time of the transaction. The defendant claims that the prosecution improperly elicited testimony from his father concerning, *inter alia,* the defendant's pre-arrest living arrangements and his own experiences as an undercover officer. However, the defendant's contention is without merit, inasmuch as his father's testimony was relevant in undermining the defendant's mistaken identity defense (see, *People v Gonzalez,* 131 AD2d 873; *People v Bethune,* 105 AD2d 262; *People v Kennedy,* 70 AD2d 181).

We have examined the defendant's remaining contention and find it to be devoid of merit (see, CPL 140.10 [1] [b]; *People v Yates,* 160 AD2d 1036; *People v London,* 160 AD2d 734; *People v Williams,* 146 AD2d 724; *People v Mingo,* 121 AD2d 307). Thompson, J. P., Miller, Santucci and Joy, JJ., concur.