◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN ALBERT, Appellant. [623 NYS2d 335]

The court properly granted the People's request to charge manslaughter in the first degree as a lesser included offense of murder in the second degree (see, People v Glover, 57 NY2d 61; People v Stevens, 186 AD2d 832). A reasonable view of the evidence supports a finding that the defendant committed the lesser offense of manslaughter in the first degree rather than the greater one of murder in the second degree. As such, the question of the defendant's intent was properly left for the jury (see, People v Butler, 57 NY2d 664; People v Moran, 246 NY 100; People v Stevens, 186 AD2d 832, supra). The defendant shot the victim as the defendant was running away from him. Although the fatal shot hit the victim in the head, the defendant did not face the victim when he fired the shots, nor

did the defendant take deliberate aim before or while firing. Accordingly the facts did not preclude a finding that the defendant only intended to injure the victim *(see, People v Butler,* 57 NY2d 664, *supra; People v Alamo,* 128 AD2d 441).

Further, a review of the charge reveals that the trial court marshaled the evidence in a fair and even-handed manner and did not give undue emphasis to the People's evidence or theories *(see, People v Saunders,* 64 NY2d 665). Rosenblatt, J. P., Lawrence, Altman and Hart, JJ., concur.