■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN HAYDEN, Appellant. [633 NYS2d 375] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered June 20, 1991, convicting him of murder in the second degree (two counts), attempted murder in the second degree, and assault in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The People's evidence showed that the defendant and several accomplices *(see, People v Samuels,* 203 AD2d 494; *People v James,* 187 AD2d 673) entered a crowded Brooklyn social club, located and shot a man to death over an alleged drug debt and also shot and killed a teenage girl and injured four others in

the barrage. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Although there were inconsistencies in the testimony of the People's witnesses, these inconsistencies were fully explored by the defense counsel on cross-examination and in his summation. They created an issue of credibility for the jury which was resolved in the People's favor. We find no basis to disturb the jury's determination.

We find no error in the admission of rebuttal testimony by one of the defendant's accomplices in the shooting at the social club that he, the defendant, and a third accomplice to the shooting had been selling crack cocaine together for four or five years. During his trial testimony, the defendant denied knowing his accomplices and claimed to have been an innocent club patron caught in the gunfire. The People were therefore entitled to present rebuttal evidence to show that the defendant had a long-standing business relationship with his accomplices and a possible motive to participate in this shooting *(see, People v Alvino,* 71 NY2d 233; *People v Ventimiglia,* 52 NY2d 350; *People v Molineux,* 168 NY 264).

The accomplice also testified on rebuttal that the defendant and his accomplices planned to rob a store and "whoever was in the store, we was going to kill him". They did not pursue the plan, however. We conclude that it was error for the prosecutor to elicit this testimony from the accomplice. Although such testimony was probative of the defendant's prior relationship with his accomplices, its probative value was outweighed by the potential for prejudice *(see, People v Alvino, supra).* Nevertheless, under the facts of this case, the denial of the defendant's request for a mistrial was not an improvident exercise of discretion *(see, People v Young,* 48 NY2d 995). Whether to grant a request for a mistrial rests within the sound discretion of the trial court *(see, People v Ortiz,* 54 NY2d 288), which is in the best position to determine if it is necessary to protect the defendant's right to a fair trial *(see, People v Cooper,* 173 AD2d 551, 552). When the defense counsel objected to this testimony, the court directed the accomplice not to talk about the incident, and the accomplice made no further reference to the robbery plan during his lengthy testimony. Moreover, the defense counsel declined the court's offer to strike the testimony or to give a curative instruction, which were less

drastic means of alleviating any prejudice that may have resulted *(see, People v Young, supra).* O'Brien, J. P., Ritter, Copertino and Krausman, JJ., concur.