■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERTHONY VILSAINT, Appellant. [741 NYS2d 249] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Leventhal, J.), rendered January 12, 1999, convicting him of kidnapping in the first degree, kidnapping in the second degree, rape in the first degree, burglary in the first degree, criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the fourth degree (two counts), criminal sale of a firearm in the third degree (two counts), reckless endangerment in the first degree, menacing in the second degree (three counts), unlawful imprisonment in the second degree (four counts), and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court's denial of the defendant's request for a mistrial was a provident exercise of discretion (*see People v Young,* 48 NY2d 995, 996; *People v Hayden,* 221 AD2d 367, 368). Whether to grant a request for a mistrial rests within the sound discretion of the trial court (*see People v Ortiz,* 54 NY2d 288, 292), which is in the best position to determine if it is necessary to protect the defendant's right to a fair trial (*see People v Cooper,* 173 AD2d 551, 552). Here, the arresting officer testified that he gave the defendant *Miranda* warnings (*see Miranda v Arizona,* 384 US 436), which contradicted the officer's own pretrial *Huntley* hearing testimony (*see People v Huntley,* 15 NY2d 72) wherein he stated that he did not give the defendant the warnings. However, the defendant's request for a mistrial came after the court had already agreed to strike the officer's testimony regarding the defendant's statement and give an immediate curative instruction. This was sufficient to protect the defendant's rights (*see People v Hayden, supra* at 368; *see also People v Dutcher,* 244 AD2d 499, 500).

There is no merit to the defendant's contention that he was denied his right to a public trial because a screen was placed in front of the testifying undercover officer to prevent the defendant's family members from identifying him. When the undercover officer entered the courtroom, he alerted the prosecutor that he recognized one of the defendant's sisters and another person and he testified that he would be very concerned if these spectators were to see him. The undercover officer also testified that he was involved in long-term operations in the location where the defendant was arrested and overlapping areas, he had ongoing cases where subjects were still at large, and he had 9 or 10 cases pending in the Supreme Court, Kings County (*see People v Rodriguez,* 258 AD2d 483; *People v Nicot,* 237 AD2d 310). Thus, the trial court providently exercised its discretion in utilizing a screen during the testimony of the undercover officer as an alternative to closure of the courtroom. The screen was placed in front of the undercover officer, and the defendant's family members were allowed to remain in the courtroom during the officer's testimony (*see People v Rodriguez, supra; People v Rivera,* 237 AD2d 178). Accordingly, the defendant was not deprived of his right to a public trial.

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Smith, J.P., Goldstein, Friedmann and McGinity, JJ., concur.