■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAROL STRAKER, Appellant. [754 NYS2d 339] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dabiri, J.), rendered June 11, 1997, convicting her of manslaughter in the first degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court's denial of the defendant's request for a mistrial was a provident exercise of discretion (*see People v Young,* 48 NY2d 995, 996; *People v Hayden,* 221 AD2d 367, 368). The determination whether to grant a request for a mistrial rests within the sound discretion of the trial court (*see People v Ortiz,* 54 NY2d 288, 292), which is in the best position to determine if it is necessary to protect the defendant's right to a fair trial (*see People v Cooper,* 173 AD2d 551, 552). Here, the trial court struck the question at issue and gave an immediate curative instruction. This was sufficient to protect the defendant's rights (*see People v Hayden, supra* at 368; *see also People v Dutcher,* 244 AD2d 499, 500).

Contrary to the opinion of our dissenting colleague, the trial court properly submitted manslaughter in the first degree to the jury as a lesser-included offense of the intentional second degree murder count. Based upon the defendant's testimony that she engaged in a struggle with the victim, the jury could reasonably believe that the defendant did not intend to kill the victim, but rather, intended to seriously injure the victim (*see People v Ford,* 62 NY2d 275; *People v Faison,* 265 AD2d 422).

The defendant's remaining contentions are without merit. Feuerstein, J.P., Smith and Goldstein, JJ., concur.

O'Brien, J., dissents and votes to modify the judgment by reversing the defendant's conviction of manslaughter in the first degree, vacating the sentence imposed thereon, and dismissing count one of the indictment with leave to the People to re-present any appropriate charge to another grand jury (*see People v Beslanovics,* 57 NY2d 726), with the following memorandum: The defendant contends that the trial court erred in granting the People's request, over her objection, to submit the charge of manslaughter in the first degree to the jury. I agree with that contention and therefore would reverse the defendant's conviction of manslaughter in the first degree.

The defendant was charged in the indictment with murder in the second degree (intentional murder), assault in the first degree, and criminal possession of a weapon in the second degree in connection with the death of June Thompson and the wounding of Alwyn Smith. The People presented evidence that the defendant entered a store owned by her husband, drew a gun hidden on her person and shot Smith, a store employee, in the thigh. After Smith fled, the defendant then turned the gun on Thompson, her husband's paramour, and shot her in the head from a distance of 12 to 18 inches, killing her. As the prosecutor reiterated in her opening statement several times, the People's theory was that the defendant "intended to kill," and "she had murder in her mind."

The defendant relied on a theory of self-defense and testified on her own behalf. She claimed that Thompson was the initial aggressor and hit her over the head with a bottle, after which they struggled. Smith tried to intervene. During the ensuing struggle, Thompson grabbed a gun from a bag on a store shelf. Two shots were fired, and the defendant realized she had been wounded in the hand. She ran from the store, and did not learn until later that both Smith and Thompson had been shot.

At the precharge conference, the People asked the court to charge manslaughter in the first degree, as the jury might find that the defendant did not intend to kill Thompson but did

intend to inflict serious physical injury on her. The defense counsel objected, arguing that the evidence supported either the People's theory of an intentional killing or the defendant's claim of self defense, but not an intent to cause serious physical injury. The defense counsel agreed, however, to a charge of manslaughter in the second degree, based on the theory that the defendant recklessly killed Thompson during the struggle.

The court charged both manslaughter in the first degree and manslaughter in the second degree as lesser-included offenses. The jury was instructed not to consider the charge of manslaughter in the second degree if it found the defendant guilty of manslaughter in the first degree. The defendant was acquitted of murder in the second degree and convicted of manslaughter in the first degree, assault in the first degree with respect to Smith, and criminal possession of a weapon in the second degree.

In my view, the court erred in charging manslaughter in the first degree. Although it is theoretically impossible to commit murder in the second degree without at the same time committing manslaughter in the first degree, a determination to charge manslaughter in the first degree as a lesser-included crime in a particular case also requires a determination that there is a reasonable view of the evidence that would permit the jury to conclude that the defendant committed the lesser but not the greater offense (*see People v Green,* 56 NY2d 427, 430; CPL 300.50 [1]). In the case at bar, there is no reasonable view of the evidence that the defendant intended to cause serious physical injury, instead of death. The shot was fired into Thompson's head from a distance of 12 to 18 inches. "[A] court should avoid doing anything, such as submitting lower crimes in an inappropriate case, that would constitute an invitation to the jury to foreswear its duty and return a compromise or otherwise unwarranted verdict" (*People v Mussenden,* 308 NY 558, 563; *see also People v Butler,* 84 NY2d 627, 631-633). Here, by charging manslaughter in the first degree, the court allowed the jury to reach a compromise on the facts to avoid convicting the defendant of the greater crime (*see People v Mussenden, supra; People v Dugarm,* 49 AD2d 674, 675), or of the correctly charged lesser-included offense of manslaughter in the second degree (reckless manslaughter) (*see* CPL 300.50 [1]).