■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ANDRICKSON, Appellant. [771 NYS2d 713]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (McKay, J.), rendered December 20, 2001, convicting him of rape in the first degree (two counts), sodomy in the first degree, and sexual abuse in the first degree (two counts), after a nonjury trial, and sentencing him to concurrent determinate terms of imprisonment of 15 years for each of the rape counts, 15 years for sodomy in the first degree, and two years for each of the sexual abuse counts, with an order of protection remaining in effect until December 20, 2021.

Ordered that the judgment is modified, on the law, by deleting the provision in the order of protection which provided that it shall remain in effect until December 20, 2021, and substituting therefor a provision providing that the order of protection shall remain in effect until December 20, 2019; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the element of forcible compul-

sion beyond a reasonable doubt (*see People v Williams,* 259 AD2d 509 [1999]; *People v Maysonet,* 178 AD2d 558 [1991]). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86 [1974]). Any possibly improper motive of the complainant, and any inconsistencies in her testimony, merely raised issues of credibility for the trier of fact to determine (*see People v Gantt,* 294 AD2d 446 [2002]; *People v Hayden,* 221 AD2d 367 [1995]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

As the People correctly concede, the Supreme Court erred in setting the expiration date of the order of protection 20 years after the defendant's conviction. Since the maximum permissible duration of the order of protection was three years from the date of the expiration of the defendant's sentence (*see* CPL 530.13 [4]) and he was sentenced to a determinate term of 15 years, the order of protection shall remain in effect entered December 20, 2019.

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Ritter, J.P., Krausman, Townes and Cozier, JJ., concur.