THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO FARFAM, Appellant. [824 NYS2d 680]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered March 9, 2005, convicting him of attempted burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Although the trial court erred in permitting testimony concerning the defendant's arrest photograph (*see People v Lindsay,* 42 NY2d 9, 12 [1977]; *People v Griffin,* 29 NY2d 91, 93 [1971]; *People v Caserta,* 19 NY2d 18, 20 [1966]; *People v Irby,* 162 AD2d 714, 714-715 [1990]), in view of the compelling evidence identifying the defendant as the burglar, coupled with the Supreme Court's striking of the arrest photograph and delivery of curative instructions, any error was harmless (*see People v Crimmins,* 36 NY2d 230, 241-242 [1975]; *People v Johnson,* 32 NY2d 814, 816 [1973]; *People v Jones,* 200 AD2d 764 [1994]; *People v Irby,* 162 AD2d at 714-715). The trial court providently exercised its discretion in denying the defendant's application for a mistrial (*see People v Ortiz,* 54 NY2d 288, 292 [1981]; *People v Diggs,* 25 AD3d 807, 808 [2006]; *People v Straker,* 301 AD2d 667 [2003]; *People v Vilsaint,* 293 AD2d 555, 556 [2002]).

The defendant contends on appeal that reversible error occurred when the trial court permitted the People to elicit testimony from a police officer concerning a post-showup arrest, which testimony improperly bolstered the complainant's prior identification of the defendant at the showup. Although the defendant raised a general objection to this testimony, he did not object on the specific ground that it constituted improper bolstering and thus the trial court did not have an opportunity to correct the specific error and the resulting prejudice that the defendant now claims on appeal. Under these circumstances, the defendant's claim of error is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19-20 [1995]; *People v West,* 56 NY2d 662, 663 [1982]; *People v Regan,* 11 AD3d 640 [2004]; *People v Smalls,* 293 AD2d 500, 501 [2002]). Florio, J.P., Adams, Krausman and Rivera, JJ., concur.