■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VAN K. COTTON, Appellant. [60 NYS3d 896]—

Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered June 27, 2013. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, manslaughter in the first degree (Penal Law § 125.20 [1]), defendant contends that County Court erred in granting the People's request to charge the jury on manslaughter in the first degree as a lesser included offense of murder in the second degree (§ 125.25 [1]). We reject that contention inasmuch as there is " 'a reasonable view of the evidence to support a finding that . . . defendant

committed the lesser offense but not the greater' " (*People v Ingram*, 140 AD3d 1777, 1778 [2016], quoting *People v Van Norstrand*, 85 NY2d 131, 135 [1995]), i.e., that he intended to cause serious physical injury to the victim rather than to kill him (*see People v Atkinson*, 21 AD3d 145, 147, 154 [2005], *mod on other grounds* 7 NY3d 765 [2006]; *People v Straker*, 301 AD2d 667, 668 [2003], *lv denied* 100 NY2d 587 [2003]; *People v Stevens*, 186 AD2d 832, 832-833 [1992], *lv denied* 81 NY2d 766 [1992]).

Contrary to defendant's further contention, the court properly admitted the testimony of an eyewitness concerning his pretrial photo identification of defendant for the purpose of correcting "a misapprehension created by the defense regarding the issue of identification" (*People v Robinson*, 5 AD3d 1077, 1078 [2004], *lv denied* 2 NY3d 805 [2004] [internal quotation marks omitted]; *see People v Williams*, 142 AD3d 1360, 1361 [2016], *lv denied* 28 NY3d 1128 [2017]). We agree with defendant that, under the circumstances of this case, the testimony of the investigator who administered the photo array was not necessary to correct the misapprehension, and thus the court erred in admitting the testimony of the investigator with respect to the details of the photo identification made by the eyewitness (*see People v Melendez*, 55 NY2d 445, 452 [1982]; *see also People v Massie*, 2 NY3d 179, 182-183 [2004]; *People v Boyd*, 189 AD2d 433, 441 [1993], *lv denied* 82 NY2d 714 [1993]). We nevertheless conclude that the error is harmless (*see Boyd*, 189 AD2d at 441-442; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Present—Smith, J.P., DeJoseph, Curran, Troutman and Winslow, JJ.