Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered June 27, 2013. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree and criminal possession of a weapon in the second degree.
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of manslaughter in the first degree (Penal Law § 125.20 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). He contends that the evidence is not legally sufficient to support his conviction of criminal possession of a weapon in the second degree as an accessory because the People did not establish that he possessed the requisite mental state (see § 20.00). That contention is not preserved for our review inasmuch as defendant failed to move for a trial order of dismissal on that ground (see People v Gray, 86 NY2d 10, 19 [1995]; People v Leta, 151 AD3d 1761, 1762 [4th Dept 2017]). In any event, we conclude that defendant’s contention is without merit (see People v Johnson, 94 AD3d 1408, 1409 [4th Dept 2012], lv denied 19 NY3d 998 [2012]). Viewing the evidence in light of the elements of the crime of criminal possession of a weapon in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we likewise conclude that the verdict is not against the weight of the evidence with respect to that crime (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
 

 Contrary to defendant’s contention, County Court properly granted the People’s request to charge the jury on manslaughter in the first degree as a lesser included offense of murder in the second degree (Penal Law § 125.25 [1]). There is “ ‘a reasonable view of the evidence to support a finding that . . . defendant committed the lesser offense but not the greater’ ” (People v Ingram, 140 AD3d 1777, 1778 [4th Dept 2016], quoting People v Van Norstrand, 85 NY2d 131, 135 [1995]), i.e., that he intended to cause serious physical injury to the victim rather than to kill him (see People v Atkinson, 21 AD3d 145, 147, 154 [2d Dept 2005], mod on other grounds 7 NY3d 765 [2006]; People v Straker, 301 AD2d 667, 668 [2d Dept 2003], lv denied 100 NY2d 587 [2003]; People v Stevens, 186 AD2d 832, 832-833 [2d Dept 1992], lv denied 81 NY2d 766 [1992]). We reject defendant’s further contention that the evidence is not legally sufficient to support his conviction of manslaughter as an accessory. There is a valid line of reasoning and permissible inferences that could lead a rational person to conclude that defendant and the codefendant shared a community of purpose to cause serious physical injury to the victim (see Danielson, 9 NY3d at 349). Specifically, the People presented evidence at trial that defendant accompanied the codefendant to the apartment where the shooting occurred, engaged in a physical altercation with the victim and another man prior to the shooting, observed the codefendant with a gun, and ultimately left the residence, fleeing with the codefendant after the codefend-ant shot the victim. In light of that evidence, we conclude that the verdict is not against the weight of the evidence with respect to the manslaughter conviction (see generally Bleakley, 69 NY2d at 495).
 

 Contrary to defendant’s further contention, the court did not abuse its discretion by adjourning the matter for the evening prior to the prosecutor’s summation (see People v Williams, 148 AD3d 620, 620 [1st Dept 2017]).
 

 Defendant’s contention that the court assumed the role or appearance of a prosecutor is not preserved for our review inasmuch as, at the conclusion of the court’s questioning of a prosecution witness, defense counsel made only a general objection (see People v Dien, 77 NY2d 885, 886 [1991]; People v Ross, 39 AD3d 1243, 1244 [4th Dept 2007], lv denied 9 NY3d 850 [2007]; see also People v Pollard, 70 AD3d 1403, 1405 [4th Dept 2010], lv denied 14 NY3d 891 [2010]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
 

 The sentence is not unduly harsh or severe. We have reviewed defendant’s remaining contentions and conclude that they are without merit.
 

 Present—Smith, J.P., DeJoseph, Cur-ran, Troutman and Winslow, JJ.