People v Tendilla-Fuentes (2018 NY Slip Op 00174)





People v Tendilla-Fuentes


2018 NY Slip Op 00174


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2013-08258
 (Ind. No. 3847/09)

[*1]The People of the State of New York, respondent,
v
Jesus Tendilla-Fuentes, appellant.


Paul Skip Laisure, New York, NY (Tammy E. Linn of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered July 22, 2013, convicting him of manslaughter in the first degree and attempted gang assault in the first degree, upon a jury verdict, and sentencing him to consecutive determinate terms of imprisonment of 25 years plus 5 years of postrelease supervision on the conviction of manslaughter in the first degree and 15 years plus 5 years of postrelease supervision on the conviction of attempted gang assault in the first degree.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by providing that the sentences imposed shall run concurrently with each other; as so modified, the judgment is affirmed.
The defendant's contention that the Supreme Court improperly permitted a witness to identify him in court is unpreserved for appellate review (see CPL 470.05[2]; People v Boone, 84 AD3d 1108, 1109). In any event, the in-court identification was proper, as was the witness's previous confirmatory identification of the defendant from a police-arranged photo array (see People v Shepard, 138 AD3d 895, 896).
The defendant contends that the prosecution was improperly allowed to elicit testimony from witnesses that bolstered each other's identifications of the defendant and testimony from a police officer that bolstered those witnesses' identification of the defendant (see People v Trowbridge, 305 NY 471). However, no objection to the contested testimony was made, and thus, the issue is not preserved for appellate review (see CPL 470.05[2]; People v West, 56 NY2d 662, 663). In any event, any error in the admission of the testimony was harmless, since there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to his convictions (see People v Johnson, 57 NY2d 969, 970; People v Crimmins, 36 NY2d 230, 241-242).
The defendant's contention that the Supreme Court committed reversible error in permitting the prosecution to introduce the grand jury testimony of one of its witnesses as evidence in its case-in-chief because the witness's trial testimony did not tend to disprove or affirmatively damage its case is also unpreserved for appellate review (see CPL 470.05[2]). The defendant also contends that the court's questioning of that witness was improper because it evinced the court's disbelief of his testimony (see People v Mendes, 3 NY2d 120, 121-122). However, any error that may have been occasioned by the admission of the impeachment evidence, the court's improper [*2]questioning or the court's failure to immediately provide the jury with a limiting instruction regarding the proper evaluation of the impeachment evidence was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the errors contributed to his convictions (see People v Saez, 69 NY2d 802, 804; People v Crimmins, 36 NY2d at 241-242; cf. People v Mendes, 3 NY3d at 122).
The failure of defense counsel to object to the introduction of the witness's grand jury testimony did not constitute ineffective assistance of counsel. Indeed, a single error by defense counsel will not be deemed to have deprived a defendant of the effective assistance of counsel, unless that error is "sufficiently egregious and prejudicial as to compromise a defendant's right to a fair trial" (People v Caban, 5 NY3d 143, 152; see People v Turner, 5 NY3d 476, 480). Moreover, the record as a whole establishes that defense counsel competently represented the defendant and provided him with meaningful representation (see People v Baldi, 54 NY2d 137, 147).
The defendant's contention, raised in his pro se supplemental brief, that the Supreme Court erred by charging manslaughter in the first degree as a lesser-included offense of murder in the second degree is unpreserved for appellate review (see CPL 470.05[2]). In any event, a reasonable view of the evidence supports a finding that the defendant committed the lesser offense of manslaughter in the first degree rather than the greater one of murder in the second degree. As such, the question of the defendant's intent was properly left for the jury (see People v Butler, 57 NY2d 664; People v Albert, 213 AD2d 414, 414-415).
The sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention raised in his pro se supplemental brief is unpreserved for appellate review and, in any event, without merit.
CHAMBERS, J.P., ROMAN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court