People v Miller (2020 NY Slip Op 05228)





People v Miller


2020 NY Slip Op 05228


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
RUTH C. BALKIN
ANGELA G. IANNACCI, JJ.


2016-00687
 (Ind. No. 3114/12)

[*1]The People of the State of New York, respondent,
v
Lonnie Miller, appellant.


Randall D. Unger, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Roni C. Piplani of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephen A. Knopf, J.), rendered December 18, 2015, convicting him of assault in the first degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant allegedly shot and seriously injured the victim outside a storefront located in Queens following a dispute over money. Following a jury trial, the defendant was found guilty of assault in the first degree and two counts of criminal possession of a weapon in the second degree. Prior to sentencing, the defendant moved to set aside the verdict on the ground of newly discovered evidence (see CPL 330.30[3]). By order dated December 18, 2015, the Supreme Court denied the defendant's CPL 330.30 motion without a hearing.
The defendant's contention that the testimony of the prosecution's witnesses was inconsistent and unreliable and legally insufficient to support his convictions of assault in the first degree and criminal possession of a weapon in the second degree is, for the most part, unpreserved for appellate review (see CPL 470.05[2]; People v Mercer, 17 AD3d 607). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), it was legally sufficient to establish the defendant's guilt of the crimes charged beyond a reasonable doubt (see CPL 470.15[2][b]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the testimony of a police detective constituted improper bolstering is unpreserved for appellate review, since no specific objections were made to [*2]the challenged testimony (see CPL 470.05[2]; see People v Fernandez, 115 AD3d 977, 978; People v Farfam, 34 AD3d 828, 829). In any event, the testimony was properly admitted not for its truth, but for the relevant, nonhearsay purpose of providing background information as to how and why the police pursued and confronted the defendant (see People v Tosca, 98 NY2d 660, 661; People v Lowe, 166 AD3d 901, 902). The testimony did not go "beyond the permissible bounds" of providing such background information (People v Gonsalves, 170 AD3d 886, 887-888 [internal quotation marks omitted]; see People v Tosca, 98 NY2d at 661), and its probative value outweighed any potential undue prejudice. Although the Supreme Court failed to give a limiting instruction, the error is harmless, as there was overwhelming evidence of the defendant's guilt even in the absence of the alleged error, and there is no significant probability that the error contributed to his conviction (see People v Crimmins, 36 NY2d 230, 241; People v Hospedales, 71 AD3d 916; People v Garson, 69 AD3d 650).
We agree with the Supreme Court's denial, without a hearing, of the defendant's motion to set aside the verdict pursuant to CPL 330.30 on the ground of newly discovered evidence (see CPL 330.30[3]; People v Windsor, 165 AD3d 709, 710).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are partially unpreserved and, in any event, without merit and do not require reversal.
SCHEINKMAN, P.J., RIVERA, BALKIN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court