People v Maldonado (2020 NY Slip Op 07758)





People v Maldonado


2020 NY Slip Op 07758


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND BANNISTER, JJ.


753 KA 16-01233

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHAIN MALDONADO, DEFENDANT-APPELLANT. 






BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT.
SHAIN MALDONADO, DEFENDANT-APPELLANT PRO SE.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered June 29, 2015. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree and assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]) and assault in the first degree (§ 120.10 [1]). The conviction arises from an incident in which defendant, having earlier been asked to leave a gathering due to his behavior by the host and her boyfriend, returned a few hours later with an associate and initiated a melee on the porch and in front of the apartment during which the boyfriend was fatally stabbed and another guest sustained a serious physical injury from being stabbed. We affirm.
Defendant contends in his main and pro se supplemental briefs that Supreme Court erred in granting the People's request to charge the jury on manslaughter in the first degree as a lesser included offense of murder in the second degree (Penal Law § 125.25 [1]). We reject that contention inasmuch as there is "a reasonable view of the evidence to support a finding that . . . defendant committed the lesser offense but not the greater" (People v Van Norstrand, 85 NY2d 131, 135 [1995]; see CPL 300.50 [1]), i.e., that during the chaotic struggle between defendant and the boyfriend on the porch, defendant intended to cause serious physical injury to the boyfriend rather than to kill him (see People v Velasco, 160 AD2d 170, 170-171 [1st Dept 1990], affd 77 NY2d 469 [1991]; People v Straker, 301 AD2d 667, 668 [2d Dept 2003], lv denied 100 NY2d 587 [2003]).
Even assuming, arguendo, that defendant preserved for our review his contention in his main brief that the conviction of manslaughter in the first degree is not supported by legally sufficient evidence (see generally People v Gray, 86 NY2d 10, 19 [1995]), we conclude that it lacks merit. "Viewing the evidence in the light most favorable to the People, and giving them the benefit of every reasonable inference" (People v Bay, 67 NY2d 787, 788 [1986]; see People v Delamota, 18 NY3d 107, 113 [2011]), we conclude with respect to defendant's principal liability for that crime that the evidence is legally sufficient to establish that defendant stabbed the boyfriend (see People v McGhee, 4 AD3d 485, 486 [2d Dept 2004], lv denied 2 NY3d 803 [2004]). We further conclude in that respect that the evidence is legally sufficient to establish that defendant intended to cause serious physical injury to the boyfriend (see People v Collins, 43 AD3d 1338, 1338 [4th Dept 2007], lv denied 9 NY3d 1005 [2007]; see generally People v Ramos, 19 NY3d 133, 136-137 [2012]). Contrary to defendant's contention, even if the proof had demonstrated that the associate stabbed the boyfriend during the melee, the evidence is legally sufficient to establish defendant's liability as an accessory. "There is a valid line of [*2]reasoning and permissible inferences that could lead a rational person to conclude that defendant and the [associate] shared a community of purpose to cause serious physical injury to the [boyfriend]" (People v Bursey, 155 AD3d 1513, 1514 [4th Dept 2017], lv denied 30 NY3d 1114 [2018]) and that defendant "solicited, requested, commanded, importuned or intentionally aided the [associate] in the commission of the crime" (People v Bello, 92 NY2d 523, 526 [1998]; see Penal Law § 20.00).
Although defendant correctly notes that there is no evidence that he stabbed the other guest to establish his liability as a principal for assault in the first degree, defendant did not preserve for our review his further contention that the evidence with respect to that crime is legally insufficient to establish his liability as an accomplice, including the requisite mental culpability, inasmuch as his motion for a trial order of dismissal was not specifically directed at the alleged error urged on appeal (see People v Carncross, 14 NY3d 319, 324 [2010]; People v Grimes, 174 AD3d 1341, 1341 [4th Dept 2019], lv dismissed 34 NY3d 932 [2019]). In any event, we reject that contention. The evidence established that defendant solicited or intentionally aided the associate in assaulting the people at the gathering, including interveners who would prevent the primary attack on the boyfriend (see People v Haire, 96 AD2d 1110, 1111 [3d Dept 1983]). Indeed, defendant brought the associate back to the apartment, and they jointly approached the apartment both armed with a knife and concealing their hands. After the host answered the door and stood in front of the boyfriend, defendant pushed the host, both defendant and the associate then grabbed the boyfriend pulling him through the doorway while dragging the host onto the porch as well, and both defendant and the associate engaged in a fight with the boyfriend before the guest intervened in the melee and was stabbed by the associate (see id.). There is also evidence from which the jury could reasonably find that defendant shared the associate's intent to cause serious physical injury to the guest (see generally Penal Law
§ 120.10 [1]). The jury could have reasonably inferred that defendant was aware of the associate's possession of and intent to use a knife and that, upon the guest's intervention in an attempt to help the boyfriend, the associate's actions in preventing the guest from rendering such assistance and stabbing him "were not 'spontaneous' or unanticipated by [defendant], but that [defendant and the associate] together had a 'concerted or planned use of [their] weapon[s]' " against interveners such as the guest (People v Cabassa, 79 NY2d 722, 728 [1992], cert denied 506 US 1011 [1992]; see Matter of Tatiana N., 73 AD3d 186, 191 [1st Dept 2010]).
Contrary to defendant's further contention in his main brief, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The testimony of the People's witnesses was not "incredible as a matter of law, i.e., it was not impossible of belief because it is manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (People v Resto, 147 AD3d 1331, 1334 [4th Dept 2017], lv denied 29 NY3d 1000 [2017], reconsideration denied 29 NY3d 1094 [2017] [internal quotation marks omitted]). " 'Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence,' we must afford great deference to the fact-finder's opportunity to view the witnesses, hear their testimony and observe their demeanor" (People v Friello, 147 AD3d 1519, 1520 [4th Dept 2017], lv denied 29 NY3d 1031 [2017]). We conclude that the jury properly considered the issues of credibility, including the inconsistencies in the witnesses' testimony, and there is no basis for disturbing its determinations (see People v Rogers, 70 AD3d 1340, 1340 [4th Dept 2010], lv denied 14 NY3d 892 [2010], cert denied 562 US 969 [2010]).
We reject defendant's contention in his main brief that the court committed reversible error by admitting certain evidence at trial. "Trial courts are accorded wide discretion in making evidentiary rulings and, absent an abuse of discretion, those rulings should not be disturbed on appeal" (People v Carroll, 95 NY2d 375, 385 [2000]). Here, the court's rulings did not constitute an abuse of discretion.
Defendant also contends in his main brief that he was denied a fair trial by prosecutorial misconduct. Defendant preserved that contention for our review with respect to only one alleged instance of prosecutorial misconduct and, in any event, we conclude that "[t]he prosecutor's comments on summation did not shift the burden of proof to defendant, and they constituted either fair comment on the evidence or a fair response to defense counsel's summation" (People v Coleman, 32 AD3d 1239, 1240 [4th Dept 2006], lv denied 8 NY3d 844 [2007]; see People v [*3]Bailey, 181 AD3d 1172, 1175 [4th Dept 2020], lv denied 35 NY3d 1025 [2020]). Contrary to defendant's related contention in his main and pro se supplemental briefs, inasmuch as the prosecutor's comments on summation were not improper, defense counsel's failure to object thereto did not deprive defendant of effective assistance of counsel (see People v Brooks, 183 AD3d 1231, 1232 [4th Dept 2020], lv denied 35 NY3d 1043 [2020]).
Defendant further contends in his main brief that he was deprived of effective assistance by defense counsel's failure to consult with him before declining to consent to the jury's request for written copies of the statutory text of certain crimes (see CPL 310.30). We reject that contention inasmuch as defendant has failed " 'to demonstrate the absence of strategic or other legitimate explanations' for [defense] counsel's alleged shortcoming[]" (People v Benevento, 91 NY2d 708, 712 [1998]).
Contrary to defendant's contention in his main brief, we conclude that the sentence is not unduly harsh or severe. Finally, we have considered the remaining contentions in defendant's pro se supplemental brief and conclude that none warrants reversal or modification of the judgment.
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court