■ THE PEOPLE OF STATE OF NEW YORK, Respondent, v WILLIAM PERALTA, Appellant.—Judgment, Supreme Court, Bronx County (Ira R. Globerman, J.), rendered August 14, 1990, convicting defendant, after jury trial, of manslaughter in the first degree and sentencing him, as a second felony offender, to a term of 12½ to 25 years, unanimously affirmed.

Viewing the evidence at trial in the light most favorable to the People and giving them the benefit of every reasonable inference (People v Malizia, 62 NY2d 755, cert denied 469 US 932), defendant's guilt of manslaughter in the first degree was proven beyond a reasonable doubt. The evidence leads naturally and reasonably to the conclusion that defendant shot at the victim, who died at the scene, of the resulting wounds. Contrary to defendant's argument on appeal, it is not equally reasonable to conclude that defendant had taken the "guilty gun" from another man observed leaving the building a few steps in front of defendant, or from some other person, only to discard it and run from police encountered just outside the building. Rather, the evidence is inconsistent with innocence and excludes to a moral certainty any other reasonable hypothesis but defendant's guilt (People v Francis, 79 NY2d 925, 926).

As the charge of murder in the second degree and the lesser

included charge of manslaughter in the first degree were placed before the jury, whether defendant's intent was to cause serious physical injury or death was a matter for the jury's determination *(People v Butler,* 57 NY2d 664, *revg on dissent of Sandler, J.,* 86 AD2d 811, 814-815). Here, where a semi-automatic weapon was used, where only 2 of 4 shots actually hit the victim, and where the victim was hit in the torso at diverse angles, the jury's determination that the evidence supported a conviction for manslaughter in the first degree, rather than for murder in the second degree, is reasonable *(supra).* Concur—Milonas, J. P., Rosenberger, Ross and Asch, JJ.