■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL OWENS, Appellant. [674 NYS2d 847] —Carpinello, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered June 10, 1996, upon a verdict convicting defendant of the crime of manslaughter in the first degree.

On the night of November 27, 1995, at approximately 9:30 P.M. in the City of Elmira, Chemung County, defendant fatally shot Jeremiah Cade after Cade approached defendant on the street, began an argument and struck defendant in the face. Defendant was later arrested for the shooting and charged

with murder in the second degree. Defendant testified at trial that he only drew the gun after being struck by Cade and that the gun went off accidentally. At the conclusion of the trial evidence, County Court charged the jury on murder in the second degree as well as the lesser included offenses of manslaughter in the first and second degrees. The jury found defendant not guilty of murder in the second degree but guilty of manslaughter in the first degree. Defendant was thereafter sentenced to a prison term of 12½ to 25 years. This appeal followed.

Initially, we reject defendant's argument that the verdict of manslaughter in the first degree was not supported by legally sufficient evidence. According to defendant, the jury could have only rationally found that defendant either committed intentional murder or acted recklessly within the definition of manslaughter in the second degree and there is no view of the evidence that could support his conviction for manslaughter in the first degree. We disagree. In order to conclude that there is legally sufficient evidence in support of a jury verdict, this Court "must determine whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]). Significantly, a person can be found guilty of manslaughter in the first degree when "[w]ith intent to cause serious physical injury to another person, he [or she] causes the death of such person or of a third person" (Penal Law § 125.20 [1]).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620, 621), we conclude that the proof was sufficient to meet this standard. Here, eyewitness testimony indicated that defendant shot the victim with his arm straight out, firing once and then attempting to fire again. It was apparently this testimony that caused the jury to reject the contention that defendant's acts were reckless and that he in fact did intend to cause the victim serious physical injury, and thereby caused his death, fulfilling the necessary elements for manslaughter in the first degree. Defendant testified that he knew the gun was loaded prior to the shooting and one witness testified after the shooting that defendant told him that he meant to shoot Cade because he had shown defendant disrespect. Significantly, "whether defendant's intent was to cause serious physical injury or death was a matter for the jury's determination" (*People v Peralta*, 187 AD2d 276, 277, *lv denied* 83 NY2d 970; *see, People v Rose*, 215

AD2d 875, *lvs denied* 86 NY2d 793, 801). Since there is a valid line of reasoning supporting a conclusion that defendant committed manslaughter in the first degree, defendant's conviction should not be disturbed.

Finally, we are unpersuaded by defendant's contention that the sentence imposed by County Court was harsh and excessive in light of defendant's expressions of remorse and his youth (19 years old) at the time of the crime. Given the nature of the crime, the surrounding circumstances and defendant's criminal history, we find no reason to disturb County Court's exercise of its discretion in this regard (*see, People v Leigh*, 232 AD2d 904, 905, *lvs denied* 89 NY2d 1036, 1037).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.