■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN WILLIAMS, Appellant. [789 NYS2d 155]—

Judgment, Supreme Court, Bronx County (Troy K. Webber, J.), rendered April 27, 2001, as amended April 30, 2001 and February 7, 2003, convicting defendant, after a jury trial, of attempted robbery in the first and second degrees and criminal possession of a weapon in the fourth degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 20 years to life, 12 years to life and one year, respectively, unanimously modified, on the law, to the extent of vacating the conviction of attempted robbery in the second degree and dismissing that count, and otherwise affirmed.

Defendant's argument that he was improperly convicted of first-degree attempted robbery since it was allegedly established by a preponderance of the evidence that the pistol he possessed was unloaded (*see* Penal Law § 160.15 [4]) is unpreserved because he never made this argument to the trial court (*see People v Gray*, 86 NY2d 10 [1995]). Moreover, defendant, who relied exclusively upon a misidentification defense, did not request that the jury be instructed on the affirmative defense (*see id.*; *see also People v Noble*, 86 NY2d 814 [1995]; *People v Sanchez*, 244 AD2d 284 [1997], *lv denied* 91 NY2d 897 [1998]). We decline to reach the issue in the interest of justice. Were we to reach the issue, we would find that the verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence was consistent with the pistol having been loaded at the time of the crime, but unloaded at the time it was recovered.

On the record before this Court, we conclude that defendant received effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *People v Hobot*, 84 NY2d 1021, 1024 [1995]; *see also Strickland v Washington*, 466 US 668 [1984]). On appeal, defendant argues that his trial counsel should have moved, outside the presence of the jury, to dismiss the first-degree attempted robbery count, thereby avoiding the risks associated with presenting seemingly inconsistent defenses to a jury. However, such a motion would have been unavailing. At most, a question of fact would have been presented as to whether the affirmative defense had been established by a preponderance of the evidence, and counsel, pursuing a plausible strategy (*see People v Lane*, 60 NY2d 748, 750 [1983]), did not request, nor want, submission of the affirmative defense to the

jury. Defendant's submissions on his CPL 440.10 motion are not part of the record because no appeal from the denial of that motion is before this Court (*People v Battle*, 249 AD2d 116, 117 [1998]).

The court properly denied defendant's motion to suppress the showup identifications, which occurred in extremely close spatial and temporal proximity to the robbery, as the result of a single unbroken chain of events (*see People v Duuvon*, 77 NY2d 541, 544-545 [1991]). The officer's comments to the victims about "the person" or "the suspect" being in custody were not unduly suggestive because they merely conveyed what a witness of ordinary intelligence would have expected under the circumstances (*see e.g. People v Stafford*, 215 AD2d 212 [1995], *lv denied* 86 NY2d 784 [1995]).

As the People concede, defendant is entitled to dismissal of the count of attempted robbery in the second degree as a lesser included offense of attempted robbery in the first degree.

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is unpreserved for appellate review and, in any event, is without merit (*see People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]). Defendant's mandatory sentence as a persistent violent felony offender was triggered solely by his prior convictions (*see Almendarez-Torres v United States*, 523 US 224 [1998]).

We have considered and rejected defendant's remaining arguments relating to sentencing procedures, and we perceive no basis for reducing the sentence. Concur—Andrias, J.P., Saxe, Sullivan, Ellerin and Sweeny, JJ.