■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY BARRINGTON, Appellant. [824 NYS2d 285]—

Judgment, Supreme Court, Bronx County (William I. Mogulescu, J., at hearing; Edward M. Davidowitz, J., at jury trial and sentence), rendered July 2, 2003, convicting defendant of robbery in the first degree (two counts) and robbery in the second degree, and sentencing him to an aggregate term of 20 years, and order, same court (Edward M. Davidowitz, J.), entered November 29, 2005, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

The court properly denied defendant's suppression motion. The statement he volunteered during a lawful gunpoint seizure was spontaneous, and was not the product of custodial interrogation requiring *Miranda* warnings. When the officer told de-

fendant that he was being detained because of an incident that had just occurred involving gunshots, and that defendant would be free to leave if he was not involved, the officer was simply informing him of "the specific, limited purpose of the detention" (*People v Hicks*, 68 NY2d 234, 240 [1986]), and was not making a statement reasonably likely to produce an incriminating response. In any event, the record also supports the hearing court's alternative conclusion that even if the officer's statement could be viewed as a question, it constituted the type of clarifying question that does not require *Miranda* warnings (*see People v Huffman*, 41 NY2d 29, 34 [1976]).

Defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714, [1998]; *Strickland v Washington*, 466 US 668 [1984]), and the court properly denied his CPL 440.10 motion claiming ineffective assistance. As to one of the first-degree robbery counts, the court instructed the jury on the affirmative defense that the displayed firearms were not loaded and operable (Penal Law § 160.15 [4]). Counsel was not ineffective for failing to move to dismiss that count on the ground that, as a matter of law, a preponderance of the evidence demonstrated the inoperability of the pistols that were displayed during the robbery and subsequently recovered by the police. Such a motion would have been futile, because the circumstances explained how the pistols may have been damaged after the robbery, and the evidence that one or both of the pistols had been operable at the time of the robbery was sufficient to warrant submitting the issue to the jury (*see People v Williams*, 15 AD3d 244, 245 [2005], *lv denied* 5 NY3d 771 [2005]).

Defendant's arguments concerning the People's summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Tom, J.P., Andrias, Saxe, Gonzalez and Sweeny, JJ.