THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL ROSS, Appellant. [835 NYS2d 787]—Appeal from a judgment

of the Onondaga County Court (Joseph E. Fahey, J.), rendered July 20, 2004. The judgment convicted defendant, upon a jury verdict, of assault in the first degree, assault in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of assault in the first degree (Penal Law § 120.10 [1]), assault in the second degree (§ 120.05 [2]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Defendant failed to preserve for our review his contention that County Court erred in failing to charge assault in the third degree under Penal Law § 120.00 (3) as a lesser included offense of assault in the first or second degree (*see People v White*, 29 AD3d 457, 458 [2006], *lv denied* 7 NY3d 819 [2006]; *People v Pross*, 302 AD2d 895, 898 [2003], *lv denied* 99 NY2d 657 [2003]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The jury was entitled to credit the testimony of the victim over that of defendant (*see People v Mallory*, 191 AD2d 970 [1993]), and "it cannot be said that the jury failed to give the evidence the weight it should be accorded" (*People v Woods*, 26 AD3d 818, 819 [2006], *lv denied* 7 NY3d 765 [2006]; *see generally Bleakley*, 69 NY2d at 495). Defendant's general objection to the testimony of the paramedic concerning the severity of the victim's injury is insufficient to preserve for our review defendant's present contention with respect to that testimony (*see People v Singletary*, 270 AD2d 903 [2000], *lv denied* 95 NY2d 838 [2000]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to defendant's further contention, the court properly exercised its discretion in limiting the cross-examination of the victim (*see People v Jorge*, 1 AD3d 121, 122 [2003], *lv denied* 1 NY3d 629 [2004]). Even assuming, arguendo, that the court erred in allowing the prosecutor to ask leading questions during his direct examination of the police officer who interviewed defendant, we conclude that the error is harmless (*see People v Konsistorum*, 3 AD3d 394, 395 [2004], *lv denied* 2 NY3d 763 [2004]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Gorski, Smith, Fahey and Green, JJ.