■ The People of the State of New York, Respondent, v Phillip Stephens, Appellant. [882 NYS2d 82]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered November 19, 2007, convicting defendant, after a jury trial, of two counts of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years, unanimously affirmed.

When, after the jury sent a note at 3:40 P.M. on the second day of deliberations stating, "We the jury request the court to know that we have not been able to come to a unanimous decision," the court properly exercised its discretion in denying defendant's motion for a mistrial and instead delivering an appropriate supplemental charge to encourage the jury to reach a verdict. Although the trial was short, the jury had not been deliberating for such an extensive period that further deliberations would not be fruitful (*see Matter of Plummer v Rothwax*, 63 NY2d 243, 250-251 [1984]), and the wording of the jury's note was not indicative of a deadlock.

The events described above took place the day before a juror

was scheduled, according to her statement during jury selection, to leave for a conference. Defendant did not preserve his present claim that, upon receipt of the jury's note, the court should have asked this juror whether she could still render a fair and impartial verdict (*see People v Colon*, 46 AD3d 260, 263 [2007]), and we decline to review this unpreserved claim in the interest of justice. As an alternative holding, we also reject it on the merits. The type of inquiry contemplated by CPL 270.35 would have been premature, because during deliberations the juror never raised any issue about her impending conference, and because at the time of the jury's note there was still ample time that day for the jury to reach a verdict. Defendant's remaining contentions concerning the court's actions following the jury note are also unpreserved and we decline to review them in the interest of justice. As an alternative holding, we likewise reject them on the merits.

The court properly received in evidence surveillance tapes depicting a man who matched defendant's description using the victim's credit card shortly after the crime. While defendant characterizes these tapes as evidence of uncharged crimes, we note that the use of the cards was closely connected to the theft, and there was no danger of the jury drawing an improper inference that defendant was guilty of the charged crime because he had a "propensity" to commit crimes. In any event, these tapes provided strong circumstantial evidence of identity, even though they did not clearly show defendant's face. "Contrary to defendant's argument, a pattern of crimes employing a unique modus operandi is not the exclusive situation in which uncharged crimes may be probative of identity" (*People v Laverpool*, 267 AD2d 93, 94 [1999], *lv denied* 94 NY2d 904 [2000]). Here, the short lapse of time between the theft and the use, the documentary evidence that the man shown on the tapes was using the particular credit card taken from the victim, and the similarities between defendant's description and the appearance of the man on the tapes gave the tapes a high degree of probative value. Furthermore, the tapes were also admissible to establish that the credit card had been stolen rather than lost, and that the taker had the intent to benefit himself.

Defendant's challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Concur—Gonzalez, P.J., Friedman, Moskowitz, Renwick and Freedman, JJ.