■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW N. WHITED, Appellant. [910 NYS2d 626]—

Appeal from a judgment of the Supreme Court, Monroe County (Thomas M. Van Strydonck, J.), rendered May 5, 2007.

The judgment convicted defendant, upon a jury verdict, of assault in the first degree and assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of assault in the first degree (Penal Law § 120.10 [1]) and assault in the second degree (§ 120.05 [1]), defendant contends that the victim did not sustain a serious physical injury within the meaning of Penal Law § 10.00 (10) and thus that the conviction of both counts of assault is not supported by legally sufficient evidence. Defendant failed to preserve that contention for our review, however, inasmuch as he failed to raise it in his motion for a trial order of dismissal (*see People v Gray*, 86 NY2d 10, 19 [1995]). Although defendant further contends that preservation was not required because a successful motion to dismiss would have merely resulted in a conviction of the lesser included offense of assault in the third degree (*see generally* CPL 290.10 [1]), we nevertheless conclude that preservation was required (*see Gray*, 86 NY2d at 19; *cf. People v Ross*, 39 AD3d 1243, 1244 [2007], *lv denied* 9 NY3d 850 [2007]).

In any event, we conclude that defendant's contention that the victim did not sustain a serious physical injury is without merit. According to the evidence presented by the People at trial, defendant "stomped" the victim and kicked him in the head at least 10 times and at most 25 times, causing the victim's head to strike the pavement, and the victim spent 15 days in the hospital, followed by eight days of rehabilitation. One of the victim's treating physicians testified that the victim suffered from a contusion to the brain that could have resulted in his death and that, in fact, the physician had previously seen patients die from contusions sustained under similar circumstances. Moreover, one of the victim's other treating physicians testified that the victim suffered from short-term memory loss and concentration problems for a period of 2½ weeks following the incident. We thus conclude that the evidence is legally sufficient to establish that the victim sustained a serious physical injury (*see People v Vigliotti*, 270 AD2d 904, 904-905 [2000], *lv denied* 95 NY2d 839, 970 [2000]; *People v Cruz*, 267 AD2d 319, 319-320 [1999], *lv denied* 94 NY2d 918 [2000]; *People v Borst*, 256 AD2d 1168 [1998], *lv denied* 93 NY2d 871 [1999]). In light of our conclusion that defendant's contention concerning the alleged insufficiency of the evidence of serious physical injury is without merit, we further conclude that defendant was not denied effective assistance of counsel based on defense counsel's

failure to preserve that contention for our review (*see People v Carrasquillo*, 71 AD3d 1591 [2010], *lv denied* 15 NY3d 803 [2010]).

As defendant correctly concedes, he failed to preserve for our review his further contention that Supreme Court erred in failing to take into account his accrued jail time in setting the expiration date of the order of protection issued by the court. In any event, we conclude that defendant's contention lacks merit. We note that, in support of his contention, defendant relies upon a version of CPL 530.13 that had been superseded at the time of sentencing (*see* CPL 530.13 [former (4)]). Nevertheless, although the court did not account for 27 days during which defendant was incarcerated while awaiting sentencing, the expiration date of the order of protection is well within the requisite eight years from the expiration date of the maximum term of the determinate sentence imposed. Present—Centra, J.P., Carni, Sconiers and Pine, JJ.