# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1265**
**KA 11-01574**
PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

EVANS M. RODRIGUEZ, DEFENDANT-APPELLANT.

---

JOHN R. LEWIS, SLEEPY HOLLOW, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Joan S. Kohout, A.J.), rendered October 12, 2010. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]). Contrary to defendant's contention, County Court did not abuse its discretion in denying his motion for a mistrial (*see People v DeJesus*, 110 AD3d 1480, 1481-1482). Defendant contends that he was deprived of a fair trial when the court permitted an undercover police officer to testify that he observed defendant speaking to an identified person known by the officer because of the implication, based upon the work of the officer, that the person to whom defendant was speaking was a drug dealer. Defendant contends that the testimony violated the court's *Molineux* ruling that the People could not present evidence "of a prior sale with the defendant." As a preliminary matter, we note that the record is not clear that the court's ruling applied to the interaction between defendant and the person identified by the police officer, and we further note that the police officer did not testify that he observed a sale but, rather, he testified only that he observed the two men speaking. In any event, the determination whether to grant a motion for a mistrial is within the discretion of the trial court (*see People v Ortiz*, 54 NY2d 288, 292; *People v Scott*, 107 AD3d 1635, 1636, *lv denied* 21 NY3d 1077), and such a motion must be granted if an error occurs during the trial that is prejudicial and deprives a defendant of a fair trial (*see* CPL 280.10 [1]; *see generally People v Ward*, 107 AD3d 1605, 1606, *lv denied* 21 NY3d 1078).

That is not the case here.  The police officer testified that he was familiar with defendant, and thus any alleged implication that defendant was a drug dealer based upon the familiarity of the police officer with the person with whom defendant was speaking is not so prejudicial as to deprive defendant of a fair trial.