■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETTIS HARDY, Appellant. [981 NYS2d 722]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered October 28, 2011, convicting defendant, after a jury trial, of grand larceny in the fourth degree (four counts) and petit larceny, and sentencing him, as a second felony offender, to an aggregate term of two to four years, unanimously affirmed.

On two occasions when the deliberating jury sent notes indicating their inability to agree, the court properly exercised

its discretion in denying defendant's mistrial motions and instead delivering appropriate supplemental charges to encourage the jury to reach a verdict. Although the trial was relatively short and simple, at each of the two junctures the circumstances indicated that further deliberations might be fruitful (*see Matter of Plummer v Rothwax*, 63 NY2d 243, 250-251 [1984]). In particular, neither of the jury's notes was indicative of a hopeless deadlock (*see e.g. People v Stephens*, 63 AD3d 624 [1st Dept 2009], *lv denied* 13 NY3d 800 [2009]). Defendant's remaining challenges to the court's interactions with the deliberating jury are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find them to be unavailing.

Defendant did not preserve his claim that when the jury viewed surveillance videotapes while two witnesses were testifying, these witnesses gave lay opinion testimony about the meaning of the events depicted. Defendant only objected that the video should be "played without narration." However, as defendant concedes on appeal, it was permissible for the witnesses to explain matters depicted on the videotapes that they had personally participated in or observed. Accordingly, defendant's general objection to "narration" was insufficient to alert the court to his present claim that the witnesses had strayed from areas of their personal knowledge and rendered opinions (*see People v Graves*, 85 NY2d 1024, 1026-1027 [1995]). We decline to review this unpreserved claim in the interest of justice. As an alternative holding, we find no basis for reversal. The witnesses' testimony did not provide improper lay opinions, but "served to aid the jury in making an independent assessment" about the video (*see People v Russell*, 79 NY2d 1024, 1025 [1992]). Even when the witnesses described events depicted on the videotapes that they had not observed, they were still generally testifying about matters within their knowledge, and nothing in their testimony deprived defendant of a fair trial.

The court properly declined to provide a circumstantial evidence charge, since there was both direct and circumstantial evidence of defendant's guilt, notwithstanding that defendant's intent was a matter to be inferred from the evidence (*see People v Roldan*, 88 NY2d 826 [1996]; *People v Daddona*, 81 NY2d 990 [1993]).

We perceive no basis for reducing the sentence. Concur—Acosta, J.P., Renwick, Feinman and Clark, JJ.