*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 19, 2015                    104029
_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
               Respondent,

     v                                    MEMORANDUM AND ORDER

GLENFORD C. HULL,
               Appellant.
_____


Calendar Date:  November 20, 2014

Before:  McCarthy, J.P., Garry, Lynch and Clark, JJ.

                    _____


        Jonathan I. Edelstein, New York City, for appellant.

        Richard D. Northrup Jr., District Attorney, Delhi (John L.
Hubbard of counsel), for respondent.

                    _____


Clark, J.

        Appeal from a judgment of the Supreme Court (Coccoma, J.),
rendered January 26, 2011 in Delaware County, upon a verdict
convicting defendant of the crime of manslaughter in the first
degree.

        Following a jury trial in 2006, defendant was convicted of
murder in the second degree after shooting his downstairs
neighbor (hereinafter the victim).  On appeal, we vacated the
conviction and ordered a new trial, finding that defendant did
not receive the effective assistance of counsel (71 AD3d 1336
[2010]).  A second trial was conducted and, in November 2010, a
jury acquitted defendant of murder in the second degree but
convicted him on a lesser included charge of manslaughter in the
first degree.  Supreme Court denied defendant's subsequent motion

to set aside the verdict and sentenced him to a prison term of 23 years, plus five years of postrelease supervision. Defendant now appeals.

We affirm. Defendant first contends that the trial evidence does not support a finding that he intended to seriously injure the victim, and that Supreme Court accordingly erred in charging the jury with the lesser included offense of manslaughter in the first degree. There is no dispute that manslaughter in the first degree is a lesser included offense of intentional murder (see CPL 1.20 [37]). As a result, the question is whether there was any reasonable view of the evidence to support a finding that defendant intended to cause serious physical injury to the victim rather than to kill him (see CPL 300.50 [1]; People v Martin, 59 NY2d 704, 705 [1983]; People v Glover, 57 NY2d 61, 63 [1982]). We are, of course, mindful that the issue of whether defendant intended to kill or seriously injure the victim is one "for the jury, except in [the] most unusual and exceptional circumstances" (People v James, 127 AD2d 485, 488 [1987]; see People v Moran, 246 NY 100, 103 [1927]; People v Owens, 251 AD2d 898, 899 [1998], lv denied 92 NY2d 951 [1998]).

Here, defendant and the victim were neighbors and, although they had initially gotten along well, they had developed an antipathy for one another. Shortly before the shooting, the victim had pounded on the door of defendant's apartment and shouted threats as a result of a noise dispute. Defendant yelled through the door that the victim was "not going to like what" happened if he emerged from the apartment, and defendant retrieved a loaded handgun from his bedroom. He emerged after silence prevailed, ostensibly to confirm that the victim had left, although the victim's fiancee testified that she heard defendant call out, "Be a man, say it to my face." Regardless of what defendant said, the victim returned in a rage and ascended the staircase toward defendant. Defendant did not withdraw into the apartment but, as the victim reached out for him at the top of the stairs, defendant raised his arms and pointed the gun toward the victim. Defendant's daughter witnessed the incident and testified that the handgun went off after defendant and the victim began grappling for it. Defendant himself denied that any

struggle for the handgun occurred, but admitted that he raised his arms as the victim approached and that the handgun went off after the victim made contact with it. A reasonable view of this evidence is that an armed defendant emerged from his apartment with the intention of confronting his longtime nemesis and causing him harm.

The evidence could reasonably support the further finding that defendant intended to seriously injure and not kill the victim. Defendant, had he wished to kill the victim, could have easily shot the victim as the victim screamed and pounded on defendant's apartment door or when the victim was ascending the stairs toward defendant. The victim was instead shot once during what the trial evidence suggests was a struggle for the gun (compare People v Butler, 84 NY2d 627, 634 [1994]; People v Moreno, 16 AD3d 438, 438 [2005], lv denied 5 NY3d 766 [2005]). It is also worthy of note that defendant, after shooting the victim, performed first aid on him and summoned the authorities (see People v Steinberg, 79 NY2d 673, 683 [1992]). Under these circumstances, Supreme Court properly submitted manslaughter in the first degree as a lesser included offense of murder in the second degree (see People v Ford, 66 NY2d 428, 440-441 [1985]; People v Oliveri, 29 AD3d 330, 330-331 [2006], lvs denied 7 NY3d 760, 792 [2006]; People v Straker, 301 AD2d 667, 668 [2003], lv denied 100 NY2d 587 [2003]).

Defendant additionally asserts that, because the jury could not find that he acted with an intent to seriously injure the victim, the verdict was not supported by legally sufficient evidence and was against the weight of the evidence. Viewing the evidence detailed above in a light most favorable to the People, we find that a valid line of reasoning permits the finding that defendant intended to seriously injure the victim and caused his death (see People v Browne, 307 AD2d 645, 646 [2003], lv denied 1 NY3d 539 [2003]; People v Owens, 251 AD2d at 899-900). The verdict was also not against the weight of the evidence, inasmuch as the jury was free to, and plainly did, infer from defendant's conduct that he harbored the requisite intent (see People v Goley, 113 AD3d 1083, 1083 [2014]).

Defendant's remaining contentions regarding the conduct of the trial may be briefly disposed of. The People called defendant's daughter to the stand, and she testified that defendant and the victim were struggling for the gun when it went off. Inasmuch as that version of events conflicted with her testimony at the first trial and damaged the People's efforts to prove that defendant intended to kill the victim, Supreme Court properly permitted the People to use her prior testimony for impeachment purposes (see CPL 60.35 [1]; People v Davis, 45 AD3d 1039, 1042 [2007], lv denied 10 NY3d 763 [2008]). Supreme Court also acted properly in refusing to give a circumstantial evidence charge to the jury "since there was both direct and circumstantial evidence of defendant's guilt, notwithstanding that defendant's intent was a matter to be inferred from the evidence" (People v Hardy, 115 AD3d 511, 512 [2014], lv denied 23 NY3d 1037 [2014]; see People v Daddona, 81 NY2d 990, 992-993 [1993]). Supreme Court further conducted a thorough inquiry into alleged juror misconduct and, given that defendant declined Supreme Court's offer to conduct further inquiry, we perceive no reason to address the issue (see CPL 270.35 [1]; People v Miller, 118 AD3d 1127, 1129-1130 [2014], lv denied 24 NY3d 1086 [2014]).

Lastly, we are unpersuaded that the sentence imposed was harsh and excessive. The record discloses that Supreme Court took into account defendant's age, health and relatively uneventful criminal history. Supreme Court placed more emphasis on the devastating effect that the offense had on the victim's family, the violent nature of the offense and the fact that it could have easily been avoided had defendant elected not to confront the victim with a loaded handgun. We cannot say that Supreme Court abused its discretion in doing so, and perceive no extraordinary circumstances that would warrant a reduction of the sentence in the interest of justice (see People v Vanderhorst, 117 AD3d 1197, 1201-1202 [2014], lv denied 24 NY3d 1089 [2014]; People v Hartman, 86 AD3d 711, 713 [2011], lv denied 18 NY3d 859 [2011]).

McCarthy, J.P. and Garry, J., concur.

Lynch, J. (dissenting).

I respectfully dissent because, in my view, there is not a reasonable view of the evidence to sustain a finding that defendant intended to cause serious physical injury to the victim rather than to kill him (see CPL 300.50 [1]; People v Martin, 59 NY2d 704, 705 [1983]; People v Glover, 57 NY2d 61, 63 [1982]). "[T]he element of intent . . . may be inferred from a defendant's conduct and the surrounding circumstances, as well as from the act itself" (People v Callicut, 101 AD3d 1256, 1258 [2012], lvs denied 20 NY3d 1096, 1097 [2013] [internal quotation marks and citation omitted]; see People v Kenyon, 108 AD3d 933, 937-938 [2013], lv denied 21 NY3d 1075 [2013]). While defendant maintains that the shooting was accidental and he never intended to shoot the victim, he asserts that it is not possible to intentionally fire a weapon into a person's forehead from point blank range with only the intent to seriously injure but not kill. Here, in addition to the deteriorating relationship between the victim and defendant and the escalating verbal exchange preceding the event, the evidence shows that, during the brief encounter between the victim and defendant at the top of the stairway, the victim was shot in the forehead from a range of only a few inches. As such, I perceive no reasonable view of the evidence to support a finding that defendant intended only to cause serious physical injury (see e.g. People v Hendrie, 24 AD3d 871, 873-874 [2005], lv denied 6 NY3d 776 [2006]; People v Moreno, 16 AD3d 438, 438 [2005], lv denied 5 NY3d 766 [2005]; People v Maldonado, 5 AD3d 505, 506 [2004], lv denied 3 NY3d 643 [2004]; People v Kelly, 221 AD2d 661, 662 [1995], lv denied 87 NY2d 974 [1996], cert denied 517 US 1200 [1996]; People v DeLucia, 302 AD2d 280, 280 [2003], lv denied 100 NY2d 561 [2003]). It follows that Supreme Court erred by including a charge of manslaughter in the first degree as a lesser included offense. Since defendant was acquitted of the only charge in the indictment, the indictment should be dismissed, without prejudice to the People to re-present any appropriate charges to another grand jury (see CPL 470.55 [1]; People v Munck, 92 AD3d 63, 75 [2011]; People v McAdams, 22 AD3d 885, 886 [2005]).

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court