*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 5, 2017                    106417
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

MARK GAGNIER SR.,
                        Appellant.
_____

Calendar Date:   November 16, 2016

Before:   Egan Jr., J.P., Lynch, Rose, Clark and Aarons, JJ.

_____

Richard E. Cantwell, Plattsburgh, for appellant.

Andrew J. Wylie, District Attorney, Plattsburgh (Timothy Blatchley of counsel), for respondent.

_____

Lynch, J.

Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered November 20, 2013, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, promoting prison contraband in the first degree and conspiracy in the fourth degree.

On November 25, 2012, defendant, who was 53 years old, visited with a 20-year-old female inmate at the Clinton County Jail. The visitation room was under the supervision of Alyssa Harkness, a correction officer who had processed the inmate's intake two days earlier and learned that the inmate was undergoing withdrawal symptoms from the use of heroin. At the

end of the 10 minute visit, Harkness observed defendant kiss the inmate on the mouth while looking directly at Harkness. Suspecting that contraband had passed between the two, Harkness requested that the inmate open her mouth. The inmate complied and Harkness fished out a packet of what was, without dispute, heroin. Based on this incident, defendant was charged in a four-count indictment with criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, conspiracy in the fourth degree and promoting prison contraband in the first degree. After a jury trial, defendant was convicted as charged and thereafter sentenced to an aggregate prison term of six years, with two years of postrelease supervision. Defendant appeals.

We affirm. Defendant maintains that the verdict is both legally insufficient and against the weight of the evidence, contending that the proof failed to establish that he ever possessed the heroin relative to the sale, possession and conspiracy charges, and that no showing was made that heroin constitutes "dangerous contraband." Where the legal sufficiency of a verdict is challenged, we view the evidence in a light most favorable to the People and assess whether "there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt" (People v Reed, 22 NY3d 530, 534 [2014] [internal quotation marks and citations omitted]). For a weight of evidence review, when, as here, "a different finding would not have been unreasonable, . . . [we] must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (People v Bleakley, 69 NY2d 490, 495 [1987] [internal quotation marks and citation omitted]).

To support a conviction for criminal sale of a controlled substance in the third degree, the People were required to prove that defendant "knowingly and unlawfully" sold "a narcotic drug," such as heroin (Penal Law § 220.39 [1]). A sale is defined as "to sell, exchange, give or dispose of to another, or to offer or agree to do the same" (Penal Law § 220.00 [1]). A conviction for criminal possession of a controlled substance in the fifth degree

required the People to prove that defendant "knowingly and unlawfully" possessed "a controlled substance with intent to sell it" (Penal Law § 220.06 [1]). For the conspiracy charge, the People were required to demonstrate that, "with intent that conduct constituting . . . a class B or class C felony be performed, [defendant] agree[d] with one or more persons to engage in or cause the performance of such conduct" (Penal Law § 105.10 [1]). A person may be convicted of conspiracy so long as an overt act is alleged and shown to have been committed by one of the conspirators in furtherance of a conspiracy (see Penal Law § 105.20; People v Cochran, 140 AD3d 1198, 1199 [2016], lv denied 28 NY3d 970 [2016]). Finally, the promoting prison contraband charge required the People to demonstrate that defendant "knowingly and unlawfully [introduced] any dangerous contraband into [the] detention facility" (Penal Law § 205.25 [1]).

The record shows that while the inmate was searched at intake, neither she nor defendant were searched prior to the visitation. Harkness testified that she observed the entire visitation, noting that there was no physical contact between defendant and the inmate at the start of the visit and that defendant was continually watching Harkness throughout. At the end of the visit, Harkness explained that they both stood up, hugged and then defendant "opened his mouth and covered [the inmate's] mouth." At this point Harkness intervened and obtained the heroin packet from the inmate. Harkness and two other correction officers testified that heroin is generally considered to be dangerous contraband in prison, and the two officers added that they had never heard of an inmate attempting to pass heroin out of a prison during their extended years of service. The inmate testified that she was sick from withdrawal symptoms and confirmed that she would have used any heroin she obtained to alleviate her sickness. She explained that she had briefly known defendant, had never had a physical relationship with him and that, during the visit, defendant told her that he would pass the drugs through a parting kiss. For his part, defendant testified that the inmate attempted to pass the heroin packet to him, without forewarning, during an unplanned kiss.

Viewed in a light most favorable to the People, the jury could readily conclude that it was defendant who passed the heroin packet to the inmate, as discussed during their visit, and not the other way around. As such, we find the evidence legally sufficient to support the sale, possession and conspiracy convictions. Considering the inmate's withdrawal illness, we also find legally sufficient evidence for the jury to reasonably conclude that the heroin packet constituted "dangerous contraband" (Penal Law §§ 205.00 [4]; 205.25 [2]; see People v Verley, 121 AD3d 1300, 1301 [2014], lv denied 24 NY3d 1221 [2015]). With due deference to the jury's assessment of witness credibility, we further conclude that the verdict is not against the weight of the evidence. Finally, given the absence of a request, defendant failed to preserve his argument that County Court erred in not giving a circumstantial evidence charge to the jury (see People v Davis, 133 AD3d 911, 914 [2015]). In any event, where, as here, there is both direct and circumstantial evidence of a defendant's guilt, such a charge is not required (see People v Hull, 125 AD3d 1099, 1101 [2015], affd 27 NY3d 1056 [2016]).

Egan Jr., J.P., Rose, Clark and Aarons, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court