# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**6**
**KA 14-01499**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

MARK THOMPSON, ALSO KNOWN AS MARK DAY,
DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered August 4, 2014. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]). The conviction arises out of an incident in which defendant and a codefendant robbed the victim at gunpoint and left the scene in a vehicle driven by another codefendant (*see People v Evans*, 142 AD3d 1291, 1291). Following a high-speed police chase, defendant and the codefendants fled from the vehicle on foot and were apprehended. The victim's property was recovered in the vehicle and on defendant's person, and the victim identified defendant and one of the codefendants in showup identification procedures but testified that he was unable to identify them at trial. The weapon used in the robbery was recovered along the route traveled by the suspects' vehicle, near several bullets and a magazine.

Defendant contends that Supreme Court failed to rule on the part of his omnibus motion seeking to suppress, inter alia, identification testimony and physical evidence on the ground that he was unlawfully detained, and that the matter should therefore be remitted for a ruling on that issue. Although we agree with defendant that the court failed to address the legality of his detention in its suppression decision, we conclude that he abandoned that challenge by failing to seek a ruling on that part of his motion and failing to object at trial to testimony about the showup identification and the recovery of physical evidence from his person (*see People v Linder*, 114 AD3d 1200,

1200-1201, *lv denied* 23 NY3d 1022; *People v Anderson*, 52 AD3d 1320, 1320-1321, *lv denied* 11 NY3d 733). In any event, we conclude that the circumstances in which a police officer encountered defendant in the aftermath of the vehicle chase gave rise to at least a reasonable suspicion that defendant had been one of the occupants of the vehicle and a participant in the robbery (*see People v Butler*, 81 AD3d 484, 485, *lv denied* 16 NY3d 893; *see also People v Carr*, 99 AD3d 1173, 1175, *lv denied* 20 NY3d 1010).

We reject defendant's contention that the court erred in denying his motion for a mistrial when the jury initially returned an incomplete verdict with respect to a codefendant. The decision whether to grant a mistrial is a matter for the discretion of the trial court (*see People v Ortiz*, 54 NY2d 288, 292; *People v Rodriguez*, 112 AD3d 1344, 1345), and we conclude that the court acted within its discretion in denying the motion and instead directing the jury to resume deliberations (*see* CPL 310.50 [2]). Contrary to defendant's contentions, the initial verdict was not "tantamount to a hung jury" (*see generally People v Stephens*, 63 AD3d 624, 624, *lv denied* 13 NY3d 800), and the verdict sheet was not confusing, in view of the jury instructions on the affirmative defense to robbery in the first degree under Penal Law § 160.15 (4) that the weapon allegedly displayed was not loaded and operable (*see generally People v Dombrowski-Bove*, 300 AD2d 1122, 1124).

By making only a general motion for a trial order of dismissal, defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (*see People v Gray*, 86 NY2d 10, 19). In any event, we conclude that the evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495). With respect to the affirmative defense to robbery in the first degree, the presence of ammunition in the vicinity of the weapon when it was recovered supports a reasonable inference that the weapon was "loaded at the time of the crime, but unloaded at the time it was recovered" (*People v Williams*, 15 AD3d 244, 245, *lv denied* 5 NY3d 771; *see People v Barrington*, 34 AD3d 341, 342, *lv denied* 8 NY3d 878). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see Bleakley*, 69 NY2d at 495), including with respect to the affirmative defense (*see People v Brown*, 81 AD3d 499, 500, *lv denied* 17 NY3d 792; *Williams*, 15 AD3d at 245; *cf. People v Moody*, 278 AD2d 862, 862-863). "The challenges defendant raises on appeal to [the victim's] credibility were matters for the jury to determine, and we see no reason to disturb its verdict" (*People v Brooks*, 139 AD3d 1391, 1393; *see People v Vargas*, 60 AD3d 1236, 1238-1239, *lv denied* 13 NY3d 750).

Contrary to defendant's further contention, his Sixth Amendment right of confrontation was not violated by the admission in evidence of statements that a codefendant made to a police officer and in

recorded jail telephone calls.  The statements incriminated defendant, if at all, only in light of other evidence produced at trial (*see People v Maschio*, 117 AD3d 1234, 1235; *People v Sutton*, 71 AD3d 1396, 1397, *lv denied* 15 NY3d 778; *cf. People v Johnson*, 27 NY3d 60, 67-72), and the court directed the jury to consider the statements only against the codefendant who made them.  Under such circumstances, a codefendant is "not 'considered to be a witness "against" a defendant' " within the meaning of the Sixth Amendment (*People v Pagan*, 87 AD3d 1181, 1183, *lv denied* 18 NY3d 885, quoting *Richardson v Marsh*, 481 US 200, 206).

Finally, we reject defendant's contention that the court erred in permitting an assistant district attorney who had recently prosecuted a case against the victim to testify that the victim had not received any benefit in that case in exchange for his testimony at defendant's trial.  Even assuming, arguendo, that such testimony constituted bolstering, we conclude that it was properly admitted after defendant suggested through cross-examination of the victim that his testimony may have been motivated by the possibility of favorable treatment in his own case (*see People v Santana*, 55 AD3d 1338, 1339, *lv denied* 12 NY3d 762; *People v Hayes*, 226 AD2d 1055, 1055-1056, *lv denied* 88 NY2d 936).

Entered:  February 3, 2017                    Frances E. Cafarell
                                              Clerk of the Court