# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**291**

**KA 14-01831**

PRESENT: WHALEN, P.J., SMITH, CENTRA, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JESSE K. COLEY, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (WILLIAM G. PIXLEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered August 28, 2014. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]). Defendant failed to preserve for our review his contention that the prosecutor violated County Court's *Sandoval* ruling during rebuttal testimony and improperly violated the collateral evidence rule with that testimony. In any event, in light of the overwhelming evidence of defendant's guilt, there is no significant probability that defendant otherwise would have been acquitted, and thus we conclude that any error is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242).

Defendant also failed to preserve for our review his contention that the prosecutor violated CPL 240.43 by failing to provide notice of uncharged *Sandoval* material that was used to impeach defendant's credibility during cross-examination. In any event, we nevertheless conclude that the contention is without merit. The prosecutor cross-examined defendant with respect to statements he allegedly made to another inmate concerning the offense for which defendant was charged, and not concerning a prior offense (*see People v Dixon*, 228 AD2d 175, 175, *lv denied* 86 NY2d 1068).

We reject defendant's contention that he was denied effective assistance of counsel based upon defense counsel's failure to object to the People's alleged violation of CPL 240.43. "A defendant is not denied effective assistance of trial counsel merely because counsel

does not make a[n] . . . argument that has little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287, *rearg denied* 6 NY3d 702). We further conclude that defense counsel's failure to object to the rebuttal testimony was not " 'so egregious and prejudicial' as to deprive defendant of a fair trial" (*People v Cummings*, 16 NY3d 784, 785, *cert denied* 565 US 862), and that, when viewed in totality, defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Entered:  March 24, 2017                              Frances E. Cafarell
                                                      Clerk of the Court