■ The People of the State of New York, Respondent, v Derrick Person, Appellant. [62 NYS3d 231]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered August 4, 2014. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]). The conviction arises from an incident in which defendant and a codefendant robbed the victim at gunpoint and left the scene in a vehicle driven by another codefendant (see People v Thompson, 147 AD3d 1298, 1299 [2017], lv denied 29 NY3d 1037 [2017]; People v Evans, 142 AD3d 1291,

1291 [2016], *lv denied* 28 NY3d 1144 [2017]). Defendant and the codefendants were apprehended after a high-speed police pursuit, the gun used in the robbery was found near several bullets and a magazine along the pursuit route, and the victim identified defendant and one codefendant in showup identification procedures. At trial, Supreme Court charged the jury on the affirmative defense that the gun "was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged" (§ 160.15 [4]), but the jury nonetheless convicted all three defendants of robbery in the first degree.

We reject defendant's contention that the evidence established as a matter of law that the gun was not loaded during the robbery and thus is legally insufficient to support his conviction. As we previously determined on the appeal of a codefendant, the presence of ammunition in the vicinity of the gun when it was recovered supports a reasonable inference that it "was 'loaded at the time of the crime, but unloaded at the time it was recovered' " (*Thompson*, 147 AD3d at 1300). Defendant's remaining challenges to the legal sufficiency of the evidence are not preserved for our review inasmuch as he failed to raise them in his motion for a trial order of dismissal at the close of the People's case (*see People v Gray*, 86 NY2d 10, 19-21 [1995]). Defendant contends that, because the evidence was undisputedly sufficient to establish a lesser included offense and the court thus could not have issued a trial order of dismissal (*see* CPL 290.10 [1] [a]; *People v Vaughan*, 48 AD3d 1069, 1070 [2008], *lv denied* 10 NY3d 845 [2008], *cert denied* 555 US 910 [2008]), the preservation rule set forth in *Gray* should not apply here. We reject that contention, and conclude that he remained obligated to raise his sufficiency challenges in his motion in order to preserve them for our review (*see* CPL 470.05 [2]; *People v Whited*, 78 AD3d 1628, 1629 [2010], *lv denied* 17 NY3d 810 [2011]). Notably, the court could have afforded defendant relief by declining to submit the charged degree of offense to the jury on the ground of insufficient evidence if his challenges had merit (*see* CPL 300.30 [1]; *People v Mayo*, 48 NY2d 245, 248-249 [1979]).

Notwithstanding defendant's failure to preserve all of his sufficiency contentions for our review, "we necessarily review the evidence adduced as to each of the elements of the crime[ ] in the context of our review of [his] challenge regarding the weight of the evidence" (*People v Stephenson*, 104 AD3d 1277, 1278 [2013], *lv denied* 21 NY3d 1020 [2013], *denied reconsideration* 23 NY3d 1025 [2014] [internal quotation marks omitted];

see *People v Danielson*, 9 NY3d 342, 349 [2007]). Viewing the evidence in light of the elements of the crime as charged to the jury (*see Danielson*, 9 NY3d at 349), however, we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), including with respect to the affirmative defense (*see Thompson*, 147 AD3d at 1300), as well as with respect to whether the gun specifically appeared to be a rifle when it was displayed to the victim, as required by the jury charge.

We also reject defendant's contention that he was deprived of his Sixth Amendment right of confrontation by the victim's invocation of his privilege against self-incrimination on cross-examination. The victim invoked the privilege in response to questions about a collateral matter, i.e., the underlying facts of an unrelated conviction pending on appeal, and we therefore conclude that the court properly declined to preclude his testimony in favor of charging the jury that it could consider his refusal to answer questions in evaluating his credibility (*see People v Joaquin*, 150 AD3d 618, 619 [2017]; *People v Hickman*, 60 AD3d 865, 866 [2009], *lv denied* 12 NY3d 916 [2009]; *see generally People v Siegel*, 87 NY2d 536, 544 [1995]; *People v Chin*, 67 NY2d 22, 28-29 [1986]). It was not " 'patently clear' " that the victim's answers could not have been used against him in the future (*People v Grimes*, 289 AD2d 1072, 1073 [2001], *lv denied* 97 NY2d 755 [2002]; *see generally People v Cantave*, 21 NY3d 374, 380 [2013], *mot to clarify op denied* 21 NY3d 1070 [2013]), and the People were not obligated to offer the victim immunity in exchange for his testimony (*see generally Chin*, 67 NY2d at 32-33; *People v Adams*, 53 NY2d 241, 247-248 [1981]). In addition, we conclude that defendant was not deprived of his right of confrontation by the admission in evidence of statements made by a codefendant. Because "[t]he statements incriminated defendant, if at all, only in light of other evidence produced at trial . . . , and the court directed the jury to consider the statements only against the codefendant who made them" (*Thompson*, 147 AD3d at 1300-1301), the codefendant "is not considered to be a witness against . . . defendant within the meaning of the Sixth Amendment" (*id.* at 1301 [internal quotation marks omitted]; *see Richardson v Marsh*, 481 US 200, 206-209 [1987]; *People v Cedeno*, 27 NY3d 110, 117-118 [2016], *cert denied* 580 US —, 137 S Ct 205 [2016]).

Defendant has not established that he was denied effective assistance of counsel. Counsel's failure to preserve all of defendant's legal sufficiency challenges does not constitute inef-

fective assistance because those challenges would not have been meritorious (*see People v Jackson*, 108 AD3d 1079, 1080 [2013], *lv denied* 22 NY3d 997 [2013]). Defendant's contention that counsel failed to investigate the DNA evidence introduced at trial involves matters outside the record and must be raised by way of a motion pursuant to CPL article 440 (*see People v Blocker*, 132 AD3d 1287, 1287-1288 [2015], *lv denied* 27 NY3d 992 [2016]; *People v Ocasio*, 81 AD3d 1469, 1470 [2011], *lv denied* 16 NY3d 898 [2011], *cert denied* 565 US 910 [2011]). Contrary to defendant's contention, we do not view certain comments made by counsel during cross-examination of the DNA witnesses as proof that counsel was unfamiliar with the subject matter of their testimony. We further conclude that defendant has not demonstrated the absence of a legitimate explanation for counsel's alleged error in failing to move to reopen the suppression hearing when the victim gave testimony at trial tending to establish that the showup identification procedures were unduly suggestive (*see People v Gray*, 27 NY3d 78, 83-84 [2016]; *People v Robles*, 116 AD3d 1071, 1071 [2014], *lv denied* 24 NY3d 1088 [2014]; *People v Elamin*, 82 AD3d 1664, 1665 [2011], *lv denied* 17 NY3d 794 [2011]; *see generally People v Carver*, 27 NY3d 418, 420-421 [2016]). Even construing counsel's posttrial assertion that he had been "somewhat asleep at the switch" with respect to the possibility of reopening the hearing as an admission that he did not make a conscious decision to forgo the motion, we conclude that his subjective reasoning is immaterial, and that declining to make the motion was consistent with the actions of a reasonably competent attorney (*see generally People v Ambers*, 26 NY3d 313, 317-318 [2015]; *People v Alicea*, 229 AD2d 80, 85-86 [1997], *lv denied* 90 NY2d 890 [1997]). Furthermore, in view of the ample evidence apart from the victim's pretrial identification establishing defendant's identity as one of the perpetrators of the robbery, we conclude that any error by counsel in failing to move to reopen the hearing "was not so egregious and prejudicial as to deprive defendant of a fair trial" (*People v Coley*, 148 AD3d 1651, 1652 [2017], *lv denied* 29 NY3d 1030 [2017] [internal quotation marks omitted]; *see generally People v Benevento*, 91 NY2d 708, 713-714 [1998]).

Defendant further contends that the court improperly influenced the jury's deliberations by instructing the jury to resume deliberating after it returned an incomplete, and therefore legally defective, verdict relative to codefendant Evans. That contention is not preserved for our review because defendant did not join in the mistrial motion made by codefendant Thompson or otherwise specifically object to the court's

handling of the issue (*see generally* CPL 470.05 [2]; *People v Buckley*, 75 NY2d 843, 846 [1990]). In any event, we conclude that the court acted within its discretion in directing the jury to resume deliberations (*see* CPL 310.50 [2]; *Thompson*, 147 AD3d at 1299). Defendant's reliance on *People v Rivera* (15 NY3d 207 [2010]) is misplaced because that case involved a partial verdict rather than a defective verdict (*see id.* at 210-212; *compare* CPL 310.50 [2], *with* CPL 310.70 [1]). Defendant's contention that the verdict sheet contained improper annotations is likewise both unpreserved for our review (*see People v Belvett*, 105 AD3d 538, 538 [2013], *lv denied* 21 NY3d 1040 [2013]; *People v Boyd*, 50 AD3d 1578, 1578-1579 [2008], *lv denied* 11 NY3d 785 [2008]), and without merit (*see People v Cole*, 85 NY2d 990, 991-992 [1995]).

Finally, we conclude that defendant was not denied a fair trial by the cumulative effect of the alleged errors and that the sentence is not unduly harsh or severe. Present—Whalen, P.J., Smith, Centra, Peradotto and Carni, JJ.