People v Miranda (2018 NY Slip Op 05229)





People v Miranda


2018 NY Slip Op 05229


Decided on July 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 12, 2018

108192

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
HENZLEE MIRANDA, Appellant.

Calendar Date: June 7, 2018

Before: Garry, P.J., McCarthy, Lynch, Devine and Mulvey, JJ.


Brian M. Callahan, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Tracey A. Brunecz of counsel), for respondent.



MEMORANDUM AND ORDER
McCarthy, J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered December 15, 2015, upon a verdict convicting defendant of the crimes of assault in the second degree (two counts) and tampering with physical evidence.
Defendant was charged in a five-count indictment with the crimes of assault in the first degree (two counts), assault in the second degree (two counts) and tampering with physical evidence. These charges arose out of an incident in which defendant stabbed two victims during a fight, causing them serious physical injuries. After a jury trial, defendant was convicted of two counts of assault in the second degree and one count of tampering with physical evidence. Defendant appeals.
Initially, because defendant failed, at the close of all proof, to renew his motion for a trial order of dismissal, he has not preserved for our review his challenge to the legal sufficiency of the evidence (see People v Hines, 97 NY2d 56, 61 [2001]). Nevertheless, in reviewing defendant's argument that the verdict is against the weight of the evidence, we necessarily must ensure that the People established each of the elements of the crimes of which defendant was [*2]convicted (see People v Green, 141 AD3d 1036, 1037 [2016], lv denied 28 NY3d 1072 [2016])[FN1]. To address defendant's weight of the evidence argument, where an acquittal would not have been unreasonable, we must view the evidence in a neutral light, give deference to the jury's credibility determinations and weigh the relative strength of conflicting testimony and inferences that may be drawn from that testimony (see People v Bleakley, 69 NY2d 490, 495 [1987]; People v Gagnier, 146 AD3d 1019, 1020 [2017], lv denied 29 NY3d 1079 [2017]).
As relevant here, "[a] person is guilty of assault in the second degree when . . . [h]e [or she] recklessly causes serious physical injury to another person by means of . . . a dangerous instrument" (Penal Law § 120.05 [4]). "A person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he [or she] is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation" (Penal Law § 15.05 [3]).
The pertinent facts are not in dispute. Defendant essentially concedes that the two victims suffered serious physical injuries as a result of him stabbing them with a knife. The only element truly at issue is his state of mind, that is, whether he acted recklessly. The record contains evidence that supports the jury's finding that defendant acted recklessly. Defendant testified that he had the knife because he was scared that the victims were going to attack him and he wanted to scare them, not injure them. He also testified that he swung the knife at them when they were very close to him, though he did not remember whether he used a slashing or stabbing motion. Medical personnel testified that the victims had puncture or stab wounds, but they also had more superficial wounds consistent with a slashing motion. Although the evidence could have supported a finding that defendant acted intentionally, record evidence also supports a finding that, by swinging the knife in close proximity to the victims, defendant was aware of and consciously disregarded a substantial and unjustifiable risk that he would seriously injure someone (see Penal Law § 15.05 [3]; People v Burnett, 100 AD3d 1561, 1562 [2012]). Accordingly, the weight of the evidence supports his convictions of assault in the second degree.
Garry, P.J., Lynch, Devine and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1:Because defendant does not raise any argument regarding his conviction of tampering with physical evidence, he has abandoned any challenge to that conviction.